to a final determination of the garnishee's rights, Springfield Acceptance Co. v. Laroumis, 307 Mass. 118, 29 N.E.2d 725; cf. Linder v. Lewis, Roca, Scoville & Beauchamp, 85 Ariz. 118, 333 P.2d 286, and this must necessarily be true of all executions in an appropriate proceeding to quash or dissolve. Sackin was afforded his day in court on tender of issue and on his motion to quash the executions, at which time he had the right to raise all legal and equitable defenses personal to himself which would justify their dissolution.

The motions for rehearing and stay are denied.

UDALL, McFARLAND, and HAYS, JJ., concur.

NOTE: Chief Justice LOCKWOOD did not participate in this matter.

Court reversing and remanding the above entitled case, 105 Ariz. 361, 464 P.2d 953. Hence this supplemental opinion is issued.

This Court held that there was insufficient proof by which the defendant could be found guilty of the charge upon which he was tried. The Court further stated, however, that it might be that he could be found guilty of some other criminal offense.

Obviously, the defendant cannot be retried upon the original charge. The matter was remanded to the Superior Court, not for the purpose of retrial on the original charge, but for any further proceedings in the trial court not inconsistent with the opinion and mandate of this Court heretofore issued.

McFARLAND and HAYS, JJ., concur.

468 P.2d 926

**STATE of Arizona, Appellee,**

v.

**Matias Moreno TORRES, Appellant.**

**No. 1978.**

Supreme Court of Arizona,
In Division.

May 5, 1970.

Gary K. Nelson, Atty. Gen., Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender, Vernon B. Croaff, former Public Defender, Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

Supplemental Opinion.

LOCKWOOD, Chief Justice.

Some uncertainty appears to exist in the meaning of the order and mandate of this

468 P.2d 926

**William B. WHITINGTON, Petitioner,**

v.

**INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Pinal County Sheriff's Office, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. 9863–PR.**

Supreme Court of Arizona,
In Banc.

May 4, 1970.
Rehearing Denied June 2, 1970.

