502 P.2d 525

STATE of Arizona, Appellee,

v.

Ralph QUILA, Appellant.

No. 2294.

Supreme Court of Arizona,
In Division.

Nov. 3, 1972.

Rehearing Denied Dec. 5, 1972.

Gary K. Nelson, Atty. Gen., by Mary Z. Chandler, Asst. Atty. Gen., Phoenix, for appellee.

J. Douglas McVay, Phoenix, for appellant.

HAYS, Chief Justice.

The appellant, Ralph Quila, was tried and convicted of voluntary manslaughter. He received a sentence of from five to ten years.

On October 12, 1969, the appellant shot and killed the victim, Lorraine Peterson. Both the mother of the victim and the victim knew Quila and at one time the victim and Quila had lived together. The victim had moved back with her mother and on the day of the shooting Quila had telephoned and made arrangements to see her. When Quila arrived at the mother's house, the daughter went outside and stood by his automobile talking.

There was a shot, the victim fell to the ground, and the appellant left the scene immediately. The appellant claimed he was attempting suicide, that the victim had tried to get the gun away, and that the gun went off during the struggle.

Two questions are presented on appeal: (1) Appellant contends that it was error to instruct the jury on voluntary manslaughter. (2) He asserts that the trial court erred in instructing the jury on flight as giving rise to an inference of guilt.

Quila first directs us to A.R.S. § 13–456, subsec. A, par. 1 which makes evidence of a killing upon a sudden quarrel or heat of passion a prerequisite of a conviction for voluntary manslaughter. We agree with appellant that it is error for the trial court to instruct the jury on matters which are without foundation in the evidence. As Chief Justice Lockwood said in Macias v. State, 36 Ariz. 140, 283 P. 711 (1929):

"[I]nstructions must be based on some theory of the case which may be found in the evidence, and, when not so predicated, they should not be given, as their tendency would be to mislead the jury." 36 Ariz. at 154, 283 P. at 716.

Quila contends that in the instant case there was no evidence to support an instruction on voluntary manslaughter and hence no evidence to support the conviction. Again, we are compelled to agree. The testimony of the only two witnesses (the victim's mother, who watched the couple talking before the shooting, and the paper boy, who witnessed the actual firing of the gun) showed no evidence of a sudden quarrel or heat of passion.

It is the trial court's duty to instruct the jury on every degree of the offense reasonably suggested by the evidence, and to refuse to instruct on any grade of the offense not reasonably supported by the evidence. State v. Prewitt, 104 Ariz. 326, 452 P.2d 500 (1969). Although there is no evidence of a killing by sudden quarrel or heat of passion, the record, including

defendant's own account of the incident, does support an instruction on involuntary manslaughter. Quila is clearly guilty of manslaughter, the unlawful killing of a human being without malice. The doubt as to the degree does not affect the conclusiveness of the jury's verdict, and, since the verdict of voluntary manslaughter cannot stand, the verdict must be given effect as a verdict of guilty of involuntary manslaughter. State v. Dixon, 107 Ariz. 415, 489 P.2d 225 (1971), State v. Hunter, 102 Ariz. 472, 433 P.2d 22 (1967).

Next, Quila urges us to find error in the instruction on flight as creating an inference of consciousness of guilt. Again, we must consider the evidence in the light most favorable to upholding the verdict. State v. Beardon, 99 Ariz. 1, 405 P.2d 885 (1965), and again we must find against the appellant. The flight of the accused raises no presumption of law that the accused is guilty, but may be considered, in connection with other circumstances and explanations, as conduct which may indicate a consciousness of guilt. State v. Guerrero, 58 Ariz. 421, 120 P.2d 798 (1942). In the instant case, Quila shot the victim and then, rather than going to the nearest telephone to summon aid, drove off at a high rate of speed. When ordered to stop by a police officer, he shouted to the officer to get an ambulance and continued on at a high rate of speed. Flight is relevant to show a consciousness of guilt, and the above behavior of the appellant was sufficient to submit the issue to the jury.

Our disposition of the case is as follows: The sentence is set aside, the judgment is revised to conform with the evidence, and the matter is remanded to the trial court for sentenceing for involuntary manslaughter.

CAMERON, V. C. J., and LOCKWOOD, J., concur.