510 P.2d 737

**STATE of Arizona, Appellee,**

v.

**Matias Moreno TORRES, Appellant.**

No. 1978–2.

Supreme Court of Arizona,
In Division.

June 8, 1973.

Rehearing Denied July 17, 1973.

**422**

perior court without a jury, found guilty, and sentenced to from 12 to 14 years in prison.

On appeal, this Court took notice that because of the tender age of the child, the failure of the examining physician to do a complete job, and the existence of somewhat of a language barrier, the element of penetration had not been proved beyond a reasonable doubt, and the conviction could not stand. We reversed and remanded, with the comment that while defendant might be guilty of other crimes, he had not been proved guilty of rape. State v. Torres, 105 Ariz. 361, 464 P.2d 953 (1970).

Upon receipt of the mandate, defendant's attorney moved to set aside the judgment of conviction and the sentence, to dismiss the case, and to order defendant to be released from custody. The motion was denied.

Meanwhile, because of a writ of habeas corpus filed by defendant, we filed a supplemental opinion, stating that our remand was not for the purpose of a retrial on the original charge of rape, on which he obviously could not be retried, but for "any further proceedings in the trial court not inconsistent with the opinion and mandate of this Court heretofore issued." State v. Torres, 105 Ariz. 567, 468 P.2d 926 (1970).

By a minute order which recites that it was entered after hearing argument and considering memoranda filed, the Court ordered:

> Based on the evidence presented, and mindful of the opinion and mandate of the Supreme Court . . . the court finds that the defendant . . . is guilty of attempted rape, a felony.

At a subsequent date the Court entered a judgment of guilty of attempted rape, suspended the imposition of sentence for five years, and placed defendant on probation. This is his second appeal.

■ Defendant argues that this process violated his right not to be placed in double jeopardy. He cites Sapir v. United

---

·Gary K. Nelson, Atty. Gen. by Louis A. Moore, Jr., Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

HAYS, Chief Justice.

The defendant, Matias Torres, was charged with first degree rape of 10-year-old Christina Flores. He was tried in su-

States, 348 U.S. 373, 75 S.Ct. 422, 99 L.Ed. 426 (1955), which holds:

> If the jury had acquitted, there plainly would be double jeopardy. . . . If . . . the trial judge had rendered a verdict of acquittal, the guarantee against double jeopardy would prevent a new trial of the old offense. I see no difference when the appellate court orders a judgment of acquittal for lack of evidence.

348 U.S. at 374, 75 S.Ct. at 423.

We have no quarrel with that law, but it is not applicable to the instant case. In *Sapir, supra,* the Court was talking about a retrial for "the old offense." Here, the second conviction was for a different offense—attempted rape, rather than rape— and there was no new trial. We did not reverse for lack of evidence of attempted rape. The original trial contained ample evidence to sustain a finding of guilty of attempted rape.

Defendant also cites A.R.S. § 13–145, which reads as follows:

> When the defendant . . . has once been placed in jeopardy . . . the . . . jeopardy is a bar to another . . . information for the offense charged . . . or for an attempt to commit the offense, or for any offense necessarily included therein. . . .

This means that defendant could not, upon remand from this Court after the first appeal, be *tried* for attempted rape. But it does not mean that he could not be found guilty of attempted rape on the very evidence which proved to be insufficient to convict him of rape. We could have, instead of reversing and remanding, reversed and remanded with instructions to the trial court to find defendant guilty of attempted rape—a result which the evidence practically compelled. We have done this on previous occasions involving different crimes. In State v. Quila, 108 Ariz. 488, 502 P.2d 525 (1972), for example, the defendant was convicted of voluntary manslaughter. We held:

> [S]ince the verdict of voluntary manslaughter cannot stand, the verdict must be given effect as a verdict of guilty of involuntary manslaughter.

108 Ariz. at 490, 502 P.2d at 527.

We ordered the voluntary manslaughter sentence to be set aside, revised the judgment to conform with the evidence, and remanded the case to the trial court for sentencing for involuntary manslaughter.

Perhaps we are at fault in not having entered the same type of order in the instant case—vacating the sentence, revising the judgment, and remanding for sentence for attempted rape. But that is the effect of our decision and mandate, despite our failure to portray our intent more clearly. It allowed more leeway to the trial court to consider defendant's interim conduct. Our power to so act comes from A.R.S. § 13–1716, which provides:

> The supreme court may reverse, affirm or modify the judgment appealed from, and may . . . render any judgment or make any order which is consistent with justice and the rights of the state and the defendant.

*See also* State v. Hunter, 102 Ariz. 472, 433 P.2d 22 (1967), in which we reduced a first degree burglary conviction to second degree and remanded to the trial court for resentencing.

To remove all doubt, we adopt the judgment of conviction of attempted rape as our own, pursuant to the foregoing.

In view of the manner in which we have disposed of this issue, the others raised in the defendant's brief need not be discussed.

The judgment of conviction is adopted by this Court, and the sentence of the trial court is affirmed.

CAMERON, V. C. J., and STEVENS, V. C. J., Court of Appeals, Division One, concur.

Note: HENRY S. STEVENS, Vice Chief Judge, Court of Appeals, Division One, was called to sit in this matter.