566 P.2d 685

STATE of Arizona, Appellee,

v.

Randolph Scott BROADFOOT, Appellant.

No. 3646.

Supreme Court of Arizona,
In Banc.

July 6, 1977.

Bruce E. Babbitt, Atty. Gen., William J. Schafer, III, Chief Counsel, Crim. Div., Galen H. Wilkes, Asst. Atty. Gen., Phoenix, for appellee.

Norris C. Livoni, Phoenix, for appellant.

GORDON, Justice:

Appellant was convicted of robbery in violation of A.R.S. §§ 13–138, 13–139, 13–140 and 13–641. By stipulation and appellant's valid waiver of jury trial, the case

had been submitted to the trial court for decision based on the transcript of the Preliminary Hearing and the Glendale Police Department Report. Appellant was given a sentence of five to six years in prison, pursuant to A.R.S. § 13–643. We take jurisdiction by virtue of 17A A.R.S.Sup.Ct. Rules, rule 47(e).

Three issues are raised on appeal, (1) Appellant was incapable of committing a crime requiring specific intent, (2) The trial court's judgment of guilt is not supported by the evidence, and (3) The trial court's denial of appellant's motion to suppress was reversible error.

The material facts center around the robbery of a convenience market in April, 1975. Appellant and co-defendant entered the store; appellant selected two six-packs of beer and put them on the counter. The clerk rang up the purchase and turned towards appellant and co-defendant; co-defendant was pointing a gun at her. Co-defendant told the clerk to put the beer and money from the register into the bag and she complied. Who picked the bag up is unclear. The two men left simultaneously.

The license plate number of the car the suspects left in was taken down by a witness. This led police to appellant's house, where the suspects had driven. Police detained four men outside the house, two of whom were identified by the clerk as the suspects. A warrant to search the house was sought and issued. Appellant's house was secured until the warrant was issued, and no one, including appellant's wife, was permitted access.

█ Because this case was submitted to the trial judge by stipulation of both parties on the basis of the police reports and transcript of the preliminary hearing, we look to those items in reviewing the conviction.

█ The first issue raised is whether appellant was capable of forming the specific intent which is an element of robbery. *State v. Boyles,* 112 Ariz. 63, 537 P.2d 933

(1975). The trial court reviewed the evidence, and the verdict reached implied a finding that he was so capable. Appellant cites us to a deposition which was not before the trier of fact, and alleges that this testimony would uphold a finding that appellant had consumed large quantities of alcohol that day and consequently was incapable of forming the requisite specific intent. No such evidence is present in the transcript of the preliminary hearing or the police reports. Although intoxication may be considered by the trier of fact in its determination of appellant's specific intent, A.R.S. § 13–132, the documents stipulated to by the parties contain no suggestion appellant was intoxicated. We view the facts in a light most favorable to sustaining the verdict. *State v. Childs,* 113 Ariz. 318, 553 P.2d 1192 (1976). The trial court's determination is supported by the evidence which was put before it by the parties.

The second issue raised relates to the sufficiency of the evidence to conclude appellant was criminally involved in this robbery. The law in effect at the time of appellant's conviction, A.R.S. § 13–136,[1] stated:

"A conviction shall not be had on the testimony of an accomplice unless the accomplice is corroborated by other evidence which, in itself and without aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense. The corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof."

█ Co-defendant stated to Officer Furze that appellant was one of four men who planned the robbery. Co-defendant's statements, taken from the police reports, also indicate appellant procured the beer and told co-defendant when to pull the gun. Co-defendant told the officer that he and appellant left together and went to the waiting car. Co-defendant satisfies the test of "accomplice" because he could have been,

---

1. A.R.S. § 13–136 was repealed effective June 24, 1976. Judgment of conviction was entered March 8, 1976.

and was, informed against or indicted for the same offense as appellant. *See State v. Bateman,* 113 Ariz. 107, 547 P.2d 6 (1976). Corroborating evidence in this case includes the clerk's identification of the suspects, as well as appellant's possession in his house of items identified with the crime. *See State v. Bouillon,* 112 Ariz. 238, 540 P.2d 1219 (1975); *State v. Roche,* 104 Ariz. 276, 451 P.2d 605 (1969). There was, therefore, sufficient evidence presented for the trier of fact to conclude appellant participated in the crime alleged.

Appellant also asserts that police conduct in securing appellant's house while procuring a warrant violated appellant's rights under the Fourth Amendment and requires suppression of items seized pursuant to that warrant. To the contrary, the police in this situation did precisely what we continually exhort them to do. The officers resisted the impulse to search the house immediately—conduct which would have violated appellant's Fourth Amendment rights. Instead they submitted the issue to a detached, impartial magistrate. A search warrant was properly procured. Under the circumstances, police could not be expected to leave the house unattended. So long as there is no unreasonable delay in seeking and procuring a search warrant, securing the premises is not unreasonable police conduct. *See State v. Cook,* 115 Ariz. 199, 564 P.2d 877 (Filed April 25, 1977); *State v. Smith,* 112 Ariz. 531, 544 P.2d 213 (1975). Denial of the motion to suppress was not error.

For the foregoing reasons, the judgment of conviction and sentence are affirmed.

CAMERON, C. J., and STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concur.