569 P.2d 313

**STATE of Arizona, Appellee,**

v.

**Dori Ann RANDALL, Appellant.**

**No. 1 CA-CR 2133.**

Court of Appeals of Arizona,
Division 1,
Department B.

Sept. 13, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., Crane McClennen, Asst. Attys. Gen., Phoenix, for appellee.

Loftus & Lewter by V. Gene Lewter, Phoenix, for appellant.

SCHROEDER, Presiding Judge.

The issue in this case is whether the trial court should have granted appellant's motion to suppress the contents of three suitcases which were seized at Sky Harbor Airport and searched without a warrant after appellant's arrest and detention.

Following denial of the motion to suppress, the matter was submitted to the trial court based upon the preliminary hearing transcript. Appellant was found guilty of attempted transportation of marijuana and ordered to pay a fine totaling $3,000 pursuant to A.R.S. § 36–1002.10. The underlying facts are not disputed and are taken from the testimony presented at the preliminary hearing.

At approximately midnight on November 23, 1975, a Phoenix police officer observed the appellant as she was purchasing an airline ticket and checking three suitcases. In watching the bags being moved and handled, he noticed that one appeared to be unusually heavy. After the appellant left the boarding area, the officer approached the ticket agent and was informed that appellant had purchased a one-way ticket to New York on a flight departing at 12:15 a. m.

Based on this information alone, the officer went to the basement of the airport where the bags had been loaded on a cart. He went to the bag which had appeared to be heavy and squeezed the sides. He put his nose close to the seam and smelled the odor of marijuana and talcum powder. He inserted his finger into a gap in the side of the suitcase where he felt a plastic and a weedy substance. He then pulled some of the substance from the inside of the suitcase, and noted that it appeared to be marijuana.

All three of the appellant's suitcases were taken to the security office, and appellant was arrested and escorted from the plane to the same office. After questioning of the appellant, during which she refused to give consent to the opening of the bags, the police officers forced the locks and searched them without obtaining a warrant. All the bags were found to contain some marijuana.

The briefs of the parties have focused upon the original action of the police officer in squeezing the bags to see if an aroma of marijuana was emitted. Appellant contends this was a search without probable cause.

■ In justifying this action, the State first argues that the police officer had probable cause to search based on the profile of the appellant. That profile consisted solely of purchasing a one-way ticket to New York late in the evening approximately 15 minutes prior to departure and with a heavy suitcase. These facts are not in our view sufficient in themselves to warrant a person of reasonable prudence to believe that an offense has been or is being committed. *See State v. Ochoa,* 112 Ariz. 582, 544 P.2d 1097 (1976).

The State cites *Hernandez v. United States,* 353 F.2d 624 (9th Cir. 1965), *cert.*

*denied,* 384 U.S. 1008, 86 S.Ct. 1972, 16 L.Ed.2d 1021 (1966), as upholding such a profile search. However, in *Hernandez,* the Los Angeles police were aware of a recurring pattern over two years of transportation of marijuana by Latin American couriers, traveling first class on nonstop flights without advance reservations and with new, heavily loaded, expensive luggage of the same brand and type locks. In addition, they paid their fares and late charges in cash with bills of large denomination. The pattern was so strong and identifiable that the police had alerted airport personnel to notify them when persons fitting that pattern arrived. *See also State v. Fassler,* 108 Ariz. 586, 503 P.2d 807 (1972), with respect to probable cause for seizure by police after notification by airline officials.[1] The far more limited factors in this case could have given rise to no more than a hunch that marijuana was being transported and did not so constitute reasonable cause.

■ The State next argues that when the officer squeezed the sides of the suitcase to force out the aroma of marijuana, he did not conduct a search. We disagree. The police officer's action was an intrusion into a protected area. *See United States v. Chadwick,* —— U.S. ——, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977). This is the same conclusion reached in *Hernandez v. United States, supra,* where the Court stated:

"The manipulation of appellant's bags by Sergeant Butler prior to appellant's arrest constituted a 'search' within the meaning of the Fourth Amendment. The contents of the bags were not exposed to Sergeant Butler's sight or smell before the bags were squeezed. He detected the odor of marijuana as the result of an 'exploratory investigation,' an 'invasion or quest,' a 'prying into hidden places for that which was concealed'—conduct which has been repeatedly said to characterize a 'search.'" (353 F.2d at 626).

Moreover, in this case, the officer not only squeezed the suitcase but reached inside and removed a portion of the contents before seizing the bag or making any arrest. The intrusion here was far greater than that in *Hernandez.*

■ Wholly apart from the question of whether there was an unreasonable search before the luggage was seized, this case must be reversed in the light of the recent United States Supreme Court decision in *United States v. Chadwick, supra.* This is because there was an unreasonable search after the seizure.

The police in this case forced the locks and opened appellant's suitcases for examination of their contents. The search was without a warrant and the bags were then in police custody. There has been no showing that this search was the product of exigent circumstances.

This discovery of contraband drugs was totally unrelated to any search for weapons or explosives. Contrast *State v. Fellows,* 109 Ariz. 454, 511 P.2d 636 (1973). The record reflects that there was adequate time to obtain a warrant for the search after appellant was taken off the plane and detained for questioning. The appellant did not consent to the search. When told by the police that they could obtain a warrant, she said "Well, I guess you'll have to do it that way."

The United States Supreme Court in *Chadwick* held that when luggage is properly seized at the time of the arrest of its owners upon probable cause that it contains contraband, a warrant should be obtained before the luggage can be opened and searched. The holding rests upon the "Warrant Clause" of the Fourth Amendment to the United States Constitution, and stresses the fundamental rights of a citizen

---

1. The related but separate problems of screening by airline officials are discussed in Andrews, *Screening Travelers at the Airport to Prevent Hijacking; a New Challenge for the Unconstitutional Conditions Doctrine,* 16 Ariz.

L.Rev. 657 (1974). The Ninth Circuit has very recently held that airline screening authorized by federal statute is governed by the Fourth Amendment. *United States v. Fannon,* 556 F.2d 961 (9th Cir. 1977).

to privacy from warrantless police intrusions. It rejects the contention advanced by the State here that persons traveling with locked luggage surrender their expectations of privacy:

"The factors which diminish the privacy aspects of an automobile do not apply to respondents' footlocker. Luggage contents are not open to public view, except as a condition to a border entry or common carrier travel; nor is luggage subject to regular inspections and official scrutiny on a continuing basis. Unlike an automobile, whose primary function is transportation, luggage is intended as a repository of personal effects. In sum, a person's expectations of privacy in personal luggage are substantially greater than in an automobile." *United States v. Chadwick,* 97 S.Ct. at 2484.

Applying these principles to this case, we must hold that even if the police were entitled lawfully to seize the suitcases after smelling the marijuana, they were not entitled to conduct a further search without a warrant. Furthermore, as in *Chadwick,* the search was not justified as a search incident to a lawful arrest, *id.* at 2485, and the police clearly had ample time within which to obtain a warrant once the suitcases had been detained.

Appellant's motion to suppress should have been granted. The judgment and sentence are reversed.

WREN and EUBANK, JJ., concurring.