654 P.2d 48

**STATE of Arizona, Appellee,**

v.

**Robert Woodrow OLSON, James Omer Walters, Appellants.**

**Nos. 1 CA–CR 5545, 1 CA–CR 5546.**

Court of Appeals of Arizona, Division 1, Department C.

Nov. 2, 1982.

Robert K. Corbin, Atty. Gen. by Robert S. Golden, Asst. Atty. Gen., Phoenix, for appellee.

Meyer L. Ziman, Phoenix, for appellant James Omer Walters.

Craig Mehrens, Phoenix, for appellant Robert Woodrow Olson.

## OPINION

BROOKS, Judge.

Appellants Robert W. Olson and James O. Walters were charged with transportation of marijuana, conspiracy to import, transport, or possess marijuana for sale, and possession of marijuana for sale.[1] After denial by the trial court of various motions to suppress, following a rather lengthy suppression hearing, appellants submitted the question of their guilt to the trial court voluntarily waiving their right to a jury trial. The case was submitted on the basis of stipulated evidence including the transcript of the suppression hearing. Appellants were then convicted of possession of marijuana for sale and acquitted of the other charges. Each was sentenced to three years probation and was ordered to pay a $500.00 fine. Appellants raise three issues on appeal:

1) Whether the trial court erred in failing to suppress the fruits of a warrantless search of co-defendant Whigham's automobile trunk and a closed plastic bag contained therein.

1. A co-defendant, Larry Lynn Whigham, also appealed his conviction, but his appeal was dismissed after his death.

2) Whether the trial court erred in failing to suppress the fruits of a warrantless search of a cardboard box contained in appellant Walters' truck.

3) Whether there was sufficient evidence to support the convictions of possession of marijuana for sale.

In reviewing the denial of a motion to suppress, we view the evidence adduced at the hearing in a light most favorable to sustaining the ruling and resolve all reasonable inferences in favor of the state. *State v. Acree,* 121 Ariz. 94, 588 P.2d 836 (1978). Thus viewed, the evidence is as follows.

The Arizona Department of Public Safety was given information by an informant in late 1978 that Walters and Whigham were conspiring together and that Whigham intended to purchase a Model 210 Cessna aircraft in order to smuggle marijuana into the United States.

Surveillance revealed that Whigham had indeed purchased a Cessna 210 which he hangared at the Scottsdale airport. Agent Michael Stevens of the Department of Public Safety testified that he was involved in the investigation of appellants and that surveillance of Walters' home revealed Walters' contact with Olson.

Agent Stevens testified that Whigham possessed an air to ground radio which was often seen in "air smuggling" cases and that activity was observed at the airport in which 55 gallon fuel barrels, often used by smugglers to refuel, were taken into the hangar and then later loaded on a truck.

Surveillance by air disclosed that Whigham was using the Murlow airstrip, which is a remote airstrip previously used by air smugglers. On March 7, 1979, Olson's truck was observed traveling toward the Murlow airstrip. Air surveillance later observed a meeting at a remote location between persons thought to be Whigham and Olson. At dusk, these persons then went to a remote airstrip other than the Murlow airstrip and soon thereafter an airplane landed and was met by these persons. The airplane and vehicles then departed and the agents lost contact with them.

Surveillance was then set up at Olson's home. Walters and Olson were observed on the morning of March 8, 1979 with cardboard boxes which Agent Stevens testified were commonly used by bulk dealers to package marijuana.

Walters and Olson then left in separate trucks. Olson and Whigham later met at a shopping center. The agents observed the transfer of a large white garbage bag from Olson's truck to the trunk of Whigham's Volvo automobile. Agent Stevens testified that garbage bags are often used to transport marijuana because they do not leave debris.

Whigham left the shopping center in the Volvo and was later arrested by the agents when he stopped at a service station. When they were denied consent to search the trunk, the agents opened the trunk with a crowbar and effectuated a search. The white garbage bag was discovered and was opened. A quantity of marijuana, later determined to be 1.5 pounds, was found in the bag.

The facts of Whigham's arrest and the discovery of the marijuana were reported to other agents who were observing a meeting between Olson and Walters in the parking lot of a supermarket. The agents approached the vehicles when they observed Olson get out of his truck and place a cardboard box which was sealed with duct tape in the rear of Walters' truck. The agents seized the box from Walters' truck and arrested Walters and Olson. The box was opened at the scene of the arrest without a warrant and was found to contain 13.7 pounds of marijuana.

Appellants' first argument is that the trial court erred in denying the motion to suppress evidence obtained from the trunk of Whigham's Volvo. Appellants contend that the search was warrantless and did not fall within one of the legally recognized classes of permissible warrantless searches, citing *New York v. Belton,* 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), and *Robbins v. California,* 453 U.S. 420, 101 S.Ct. 2841, 69 L.Ed.2d 744 (1981).

We find that we need not reach the merits of this argument because appellants had no legitimate expectation of privacy for items placed in the trunk of Whigham's Volvo such as to entitle them to Fourth Amendment protection from searches of that vehicle. The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search and seizures...." In *Rakas v. Illinois,* 439 U.S. 128, 134, 99 S.Ct. 421, 425, 58 L.Ed.2d 387 (1978), the United States Supreme Court held that "it is proper to permit only defendants whose Fourth Amendment rights have been violated to benefit from the [exclusionary] rule's protections." An illegal search only violates the rights of those who have "a legitimate expectation of privacy in the invaded place." *Id.* at 143, 99 S.Ct. at 430; *see also United States v. Salvucci,* 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980) (overruling "automatic standing" rationale of *Jones v. United States,* 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960)). A legitimate expectation of privacy requires both an actual (subjective) expectation of privacy and an expectation of privacy recognized as reasonable by society. *Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); *Smith v. Maryland,* 442 U.S. 735, 736, 99 S.Ct. 2577, 2578, 61 L.Ed.2d 220 (1979).

Assuming that appellants had an actual expectation of privacy with regard to the contents of the trunk of the Volvo, we find that such subjective expectation of privacy is not one that society is prepared to recognize as reasonable. Appellants had no ownership interest in the Volvo and were not present at the time of the search. Further, there was no evidence that appellants had any right of access to the Volvo. Viewed objectively, any expectation of privacy would not be justifiable under these circumstances. We hold that the trial court did not err in finding that appellants had no expectation of privacy in the area searched and in denying the motion to suppress the evidence obtained from this search.

Appellants' second argument is that the search of the sealed cardboard box found in Walters' truck was constitutionally prohibited. Appellants argue that there was no probable cause for the search and, alternatively, that probable cause is irrelevant because there was neither a warrant nor a recognized exception to the warrant requirement.

Our first inquiry is whether the police had probable cause to believe that the vehicle containing the cardboard box was transporting contraband. Probable cause to search exists when the police possess sufficient information to justify a belief by a reasonable man that an offense is being or has been committed. *Ker v. California,* 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); *State v. Heberly,* 120 Ariz. 541, 587 P.2d 260 (App.1978). The information upon which probable cause may be based includes the collective knowledge of all of the law enforcement agents involved in the operation and may be viewed in light of an officer's past experiences which enable him to interpret the actions of the surveilled person. *State v. Million,* 120 Ariz. 10, 583 P.2d 897 (1978).

We find that probable cause existed in this case. Having rejected appellants' argument that the search of the Volvo, which disclosed marijuana in the plastic bag, was unconstitutional, this discovery of marijuana was relevant as to probable cause to search Walters' truck. Agent Stevens testified that he was in contact with the officers who arrested Whigham and searched the Volvo. Agent Dick testified that the bag was opened at the scene by Agent Cox and that marijuana was found. The record indicates this information was communicated to Stevens who ordered the arrest of appellants. Further, Agent Stevens testified that, in his experience, it was common for bulk dealers of marijuana to package the contraband in cardboard boxes. An officer's experience in the packaging of contraband is a proper factor in determining probable cause. *State v. Million, supra.* Finally, there was the history of the surveillance of the appellants for several months,

culminating in the activities of March 7 and 8, 1979. We believe that the totality of the circumstances established probable cause for the police to believe that the vehicle was transporting a cardboard box which contained contraband.

We next address appellants' argument that the existence of probable cause is insufficient in the absence of a warrant or an exception to the warrant requirement. Appellants' argument is based on *Belton v. New York, supra,* and *Robbins v. California, supra.* Belton is not applicable because that was a case involving the lawful scope of a search incident to an arrest. In this case the search was not incidental to the arrest; the police witnessed the transfer of the box from Olson's truck to Walters' truck and had probable cause to believe that the vehicle was transporting contraband. In fact, Agent Stevens testified that the cardboard box was seized before the arrest of Olson and Walters.

We find that the decision of the United States Supreme Court in *United States v. Ross,* —— U.S. ——, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982), in which *Robbins* was overruled, is dispositive. In *Ross,* the police received information that the defendant was selling narcotics from the trunk of a certain automobile at a certain location. The officers went to the location and found the vehicle. Shortly thereafter they stopped the vehicle and arrested the defendant. An officer opened the trunk and found a closed brown paper bag. He opened the bag and found glassine bags containing white powder which was later determined to be heroin. The court held that the automobile exception to the warrant requirement, established by *Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925), applied to searches of vehicles supported by probable cause to believe that the vehicle contained contraband. The court further held that where police have probable cause to search an entire vehicle, they may conduct a warrantless search of every part of the vehicle including all containers and packages in which there is probable cause to believe that contraband may be found. The court noted that *Rob-*

*bins* was inconsistent and therefore overruled *Robbins.*

■ We conclude that the Supreme Court's decision in *Ross* is controlling here. The police had probable cause to believe that Walters' vehicle contained contraband and that the cardboard box also contained contraband. Therefore they were not constitutionally required to obtain a warrant and the trial court did not err in denying the motion to suppress.

■ Appellants' last argument is that the amount of marijuana seized was insufficient to support convictions for possession of marijuana for sale. Both parties agree that the cardboard box found in Walters' truck contained 13.7 pounds of marijuana and that this is the only amount relevant to support the convictions. In *State v. Heberly,* 120 Ariz. 541, 587 P.2d 260 (App.1978), this court held that evidence that Heberly's suitcase contained about one pound of marijuana, standing alone, was insufficient evidence of possession for the purpose of sale.

*Heberly* is readily distinguishable from the case at bar. First, in the case at bar, there was evidence, aside from the amount, which tended to show possession for sale. The parties on June 5, 1981 made the following stipulation regarding what Officer Steven's testimony would be on the issue:

[T]hat the marijuana, due to the amount of the substance, kind of containers, quantity, quality of the substance, nature of the packaging, paraphenalia found along with the contraband, on the basis of those factors, it would be his opinion that it was possessed for sale, not personal use, that would be his testimony.

Appellants fail to address the effect of this stipulation in their reply brief. Secondly, the difference between one pound and 13.7 pounds of marijuana is significant. While we need not decide whether the possession of 13.7 pounds of marijuana is, standing alone, legally sufficient to support a conviction of possession for sale, we find that the amount involved here, together with the other factors listed in the stipulation, are sufficient evidence to support the convic-

tions of possession of marijuana for the purpose of sale.

For the foregoing reasons, the judgments and sentences are affirmed.

JACOBSON, P.J., and CONTRERAS, J., concur.