689 P.2d 543

**The STATE of Arizona, Appellee,**

v.

**Walter Thomas BOLT, Appellant.**

**No. 2 CA–CR 2723.**

Court of Appeals of Arizona, Division 2.

Oct. 31, 1983.

Robert K. Corbin, Atty. Gen. by Bruce M. Ferg, Tucson, for appellee.

Hirsh & Fines, P.C. by Robert J. Hirsh and Michael B. Bernays, Tucson, for appellant.

## OPINION

HOWARD, Chief Judge.

Appellant, convicted by a jury of sale of marijuana, unlawful possession of marijuana and conspiracy to commit a class 2 felony (sale of marijuana), was placed on concurrent three-year terms of probation. He contends the trial court erred in (1) denying his motion to suppress the evidence; (2) failing to grant him an evidentiary hearing on his claim that the affidavit in support of the search warrant contained a material falsehood, and (3) refusing to give certain instructions on the credibility of witnesses. He also contends there was insufficient evidence to support his conviction for conspiracy. We affirm.

The evidence, including that of Dale Warner who was granted immunity and testified at trial, discloses the following. After making several small marijuana purchases from a young girl, Pam Warner, undercov-

er agents arranged to meet her supplier, her brother Dale. The agents arranged with Dale Warner to buy seven pounds of marijuana for $4,900. During the negotiation, Dale let it slip out that the name of his supplier was a person called Walter. Dale called appellant to make arrangements to pick up the marijuana and then went to appellant's house where he secured the seven pounds, putting it into an ice chest which he loaded into his vehicle. Dale did not pay appellant for the marijuana at that time but it was understood that appellant was to be paid. When Dale left appellant's house, several of the agents, who had been following Dale without his knowledge, stayed behind and placed appellant's residence under surveillance.

Dale took the marijuana to a park where he met the agents. They arrested him at which time Dale became very cooperative. He told the agents he got the marijuana from "Walter." The agents found a notebook in Dale's possession which contained appellant's name and address. Dale told the agents that there was more marijuana in appellant's home and that appellant was going to make a delivery.

The agents were in the process of preparing an affidavit for a telephonic search warrant when they received word from the agents watching appellant's house that a pickup truck had left. The case agent ordered that the truck be stopped and the house secured until the warrant could be obtained. This was done, and when the house and vehicle were searched pursuant to the warrant, large quantities of marijuana were found in both.

Relying principally upon the case of *United States v. Allard,* 634 F.2d 1182 (9th Cir.1980), appellant contends that the entry into his house and the stopping of his vehicle were illegal and that evidence subsequently obtained was inadmissible as "fruit of the poisonous tree."

■ To solve this issue we must treat the evidence found in the house and the evidence found in appellant's vehicle separately. As far as the seizure of appellant's vehicle was concerned, earlier in the day the agents had observed a blue and white pickup truck at appellant's house and a check of the license plate number revealed that appellant owned it. If the agents had probable cause to believe that the pickup truck contained contraband when it left the house, they had the right to search and seize it without a warrant. *State v. Million,* 120 Ariz. 10, 583 P.2d 897 (1978). Probable cause is information sufficient to justify belief by a reasonable man that an offense has been committed. *State v. Heberly,* 120 Ariz. 541, 587 P.2d 260 (App. 1978). Probabilities are not certainties but, rather, are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. *State v. Heberly,* supra. The agent here who ordered the stop of the vehicle knew that Dale had gone to appellant's house, without an ice chest, and had left appellant's house with an ice chest filled with marijuana. Dale told him he got the marijuana from "Walter", a declaration against Dale's penal interest. The agents stressed Dale's assertion that there was still marijuana in the house and that appellant was going to make a delivery. Although the officers did not know who was driving the pickup truck prior to the time it was stopped, they did know it was registered in appellant's name and discovered when it was stopped that appellant was driving. We believe the totality of the circumstances demonstrate that the officers had probable cause to stop and search the pickup truck. See *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Although the police subsequently obtained a search warrant for the pickup truck, it was not necessary since the officers could have searched the vehicle after they first stopped it.

We next come to the question of the search of the house which we treat differently since there were no exigent circumstances, as existed in the case of the automobile, which justify dispensing of the necessity of the search warrant.

■ Appellants recognize that Arizona has already decided that the securing of a

residence while waiting for a search warrant is not illegal. *State v. Broadfoot,* 115 Ariz. 537, 566 P.2d 685 (1977); *State v. Smith,* 112 Ariz. 531, 544 P.2d 213 (1975). Appellant contends these cases, however, are not applicable since the police here actually entered inside his home in the process of securing it while they did not do so in either *Broadfoot* or *Smith.*

■ The validity of the distinction made by appellant does not determine the outcome of this issue. Appellant is contending that the alleged illegal entry and securing of his house mandates suppression of the marijuana found therein under the "fruit of the poisonous tree" doctrine. See *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). The chief authority for this contention is the Ninth Circuit case of *United States v. Allard,* supra, where the court held that acts of securing an apartment constituted a seizure of the apartment and everyone and everything therein. Thus, the court in *Allard* reasoned that a nexus was established between the entry and the subsequently seized evidence, and it held that a search, pursuant to a valid warrant was tainted by the mere fact that there was an illegal entry. We are unable to agree with *Allard.* In order for the poisonous fruit doctrine of *Wong Sun* to apply, there must be a nexus between the alleged illegal entry and the subsequent seizure of the evidence. In other words, if the evidence is not seized as a result of the illegal entry, there is no nexus. Where the evidence sought to be suppressed is the product of an independent source entirely free and distinct from proscribed police activity, it should be admissible, and not subject to a per se rule of exclusion based solely on the unlawful conduct. See *People v. Arnau,* 58 N.Y.2d 27, 457 N.Y.S.2d 763, 444 N.E.2d 13 (1982). Since the information which formed the basis for the search warrant here did not come from any alleged illegal police activity, there is no nexus between the alleged illegal entry and the issuance of the search warrant. In other words, the fruit here came from another tree and not the poisonous one. Had the officers never secured

the house there still would have been probable cause for the issuance of the search warrant.

Appellant interviewed Dale Warner when he found out that Warner was going to testify against him. According to appellant's attorneys, Warner, at the interview, stated:

"I never said anything to the cops about Walter Bolt. How they got the name of Walter Bolt was, uh, from my address book."

In the affidavit in support of the search warrant the agent stated:

"Your affiant and agent Roethle followed Dale Warner to Kennedy Park, where Warner again showed your affiant and Agent Roethle the marijuana. Dale Warner was then arrested for possession of marijuana for sale and transportation of marijuana. Warner was advised of his constitutional rights by your affiant. Warner stated he understood. Warner made the following statement to your affiant, after being advised of his *Miranda* rights. *Warner stated that he obtained the marijuana from Walter Bolt who resides at 5540 E. Fairmont, Tucson, Arizona.*" (Emphasis added)

■ Pursuant to the case of *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), appellant moved for an evidentiary hearing to explore the alleged falsehood in the search warrant. This motion was denied. He contends the trial court erred. We do not agree. If a criminal defendant makes a substantial preliminary showing that an affidavit in support of a search warrant contains a falsehood which was made intentionally, or with reckless disregard for the truth, and that the falsehood was material and necessary to the finding of probable cause an evidentiary hearing must be granted. *Franks v. Delaware,* supra. When Dale Warner testified at trial, he admitted that he told the agents that his supplier's name was Walter. If we assume that Dale Warner did not state the last name of Walter and did not state the address, but that the officers

288

got it from his address book after he was arrested, there still is no material falsehood within the meaning of *Franks v. Delaware,* supra. If the trial court erred in not granting an evidentiary hearing, appellant has not shown how he was prejudiced by this error since the subsequent testimony of Dale Warner at the trial showed no material falsehood.

 Appellant did not testify at trial and offered only one witness, who testified that he was a law-abiding person. His defense consisted of attacks on the officers' written reports, or failure to write reports and attacks on Warner's credibility on the basis that he smoked marijuana daily. Appellant offered several instructions concerning the credibility of witnesses, some of which constituted impermissible comments on the evidence. These instructions were not given by the trial court. The trial court gave the following instruction:

> "The evidence which you are to consider consists of testimony of witnesses and exhibits. You must decide the accuracy of each witness' testimony. Take into account such things as the witness' ability and opportunity to observe, the witness' memory and manner while testifying, any motive or prejudice the witness might have, and any inconsistent statements of the witness before or during the trial. Consider each witness' testimony in light of all the evidence in the case."

This instruction, which is similar to Recommended Arizona Jury Instruction, standard instruction No. 5, adequately covered how the jury should consider the witness' testimony and further detailed instructions were not required. See *State v. Austin,* 124 Ariz. 231, 603 P.2d 502 (1979); *State v. Reinhold,* 123 Ariz. 50, 597 P.2d 532 (1979); *State v. Miller,* 128 Ariz. 112, 624 P.2d 309 (App.1980).

Appellant's last contention is the evidence was insufficient to support his conviction for conspiracy because there was no evidence that he knew that the seven pounds of marijuana which he furnished to Dale Warner was going to be sold. We do not agree. From the testimony of Dale Warner the jury could have inferred that when appellant was not paid immediately by Warner for the seven pounds of marijuana appellant understood that he would be getting paid as soon as Warner sold it.

Affirmed.

HATHAWAY and BIRDSALL, JJ., concur.