672 P.2d 1316

**STATE of Arizona, Appellant,**

v.

**Norma Jean WILL, Appellee.**

**No. 5908–PR.**

Supreme Court of Arizona,
En Banc.

Nov. 8, 1983.

was admissible. The opinion of the court of appeals, 137 Ariz. 50, 672 P.2d 1320 (1983), is vacated.

The issues raised in this appeal are: 1) whether the seizure and subsequent search of appellee's vehicle was lawful under A.R.S. § 13–106(B)(4); and 2) whether there was probable cause to search appellee's vehicle.

On December 28, 1981, Loreain Tolle, who is appellee's live-in boyfriend, sold cocaine to a Greg Manos in the parking lot of a fast-food restaurant at the intersection of Oracle Road and Magee in Pima County. Manos was buying the cocaine for Officer Ross, an undercover officer of the Tucson Police Department. Manos sold the cocaine to Officer Ross after Tolle left. Tolle was driving appellee's Toyota pickup truck when he delivered the cocaine.

Two days later another sale was to be made at the same location. This time Tolle arrived in a Corvette. Tolle drove into the parking lot of the restaurant, and talked with Manos. Tolle then left and drove south on Oracle Road. He was followed, but the police lost sight of him as he entered the parking lot of the shopping area located on the southwest corner of Orange Grove and Oracle Road. Manos told Officer Ross that the driver was going to get the cocaine. When the driver returned, he said he was suspicious of the deal. Apparently Officer Ross was not supposed to be at the restaurant when Tolle was to sell the cocaine to Manos. Tolle had seen Officer Ross at the intersection and refused to complete the sale.

Another sale was arranged to take place at the same location on February 5, 1982. By this time, the police knew where Tolle lived. Officer Martin, the state's only witness at the suppression hearing, and Sergeant Wolff were parked near the residence.

Tolle and appellee left the house together. Tolle drove the Corvette and appellee drove the Toyota. Tolle drove to the restaurant. The officers thought that appellee

Stephen D. Neely, Pima County Atty. by Michael E. Owen, Tucson, for appellant.

McCarthy & Sandman by Cary Sandman, Tucson, for appellee.

HAYS, Justice.

Appellee, Norma Jean Will, was charged with unlawful possession of a dangerous drug (Quaalude) with intent to sell. She filed a motion to suppress the physical evidence. The motion was heard and granted on June 28, 1982. The state appealed and the court of appeals ruled that the evidence

was driving to the Orange Grove and Oracle Road area. They thought that her vehicle might be a holding vehicle for the cocaine and that Tolle would pick up the cocaine from her after he had determined that it was safe to make the transaction. Officer Martin testified that the two-car procedure in drug dealing is not uncommon.

Appellee did go to the shopping center at Orange Grove and Oracle Road. The officers momentarily lost sight of the vehicle. Appellee testified that she went into a drug store which also had a small post office but that the post office was closed. She drove then to another post office. Officer Martin testified that appellee drove through the parking areas "slowly." While appellee was in the post office, Tolle and Manos were arrested for conspiracy to sell cocaine; neither had any cocaine. Their arrest and the failure to find any cocaine were communicated to Officer Martin.

As appellee left the post office, the officers stopped her and told her they were going to seize her vehicle. When told to, she gave them her keys. A search of the vehicle produced Quaaludes, but no cocaine.

■ We agree with the trial court and the court of appeals that the Toyota was not lawfully seized under the forfeiture statute. The police had probable cause to believe that the Toyota had been used in the December 28, 1981 drug transaction. A.R.S. § 13–106(B)(4) provides in pertinent part that such a vehicle may be seized without a warrant if "the property will be removed from the jurisdiction of the seizing agency before a warrant can be obtained." The state contends that as soon as appellee learned of Tolle's arrest she would have removed the vehicle from the jurisdiction. Both the trial court and the court of appeals found this argument to be untenable on these facts. We agree. Aside from the obvious mobility of the truck, there was no evidence that it would be removed from the jurisdiction. Because the trial court's ruling does not constitute clear and manifest error, we affirm the ruling of the trial court on this issue. *See State v. Dugan,* 113 Ariz. 354, 555 P.2d 108 (1976). The state seeks to justify the search of the vehicle based on the theory that it had probable cause to believe the truck contained contraband. The trial court stated in the minute entry the following:

THE COURT FINDS that in order to validate the search, there must be probable cause to seize under the Fourth Amendment, and the testimony is that Mr. Martin had no probable cause to arrest the defendant Norma Jean Will on the basis that she had committed any crime, and similarly, Officer Martin did not have probable cause to believe that the defendant was in possession of contraband or had committed an offense.

From this language the court of appeals concluded that "[i]t is apparent that the trial judge was relying on testimony of the officer as to his subjective state of mind." The quoted language from the court of appeals refers to that portion of the officer's testimony in which he indicated that he did not believe he had probable cause to search the vehicle.

We vacate the decision of the court of appeals and affirm the ruling of the trial court for two reasons. First, we do not agree with the interpretation the court of appeals has placed on the minute entry. Second, we do not believe the state had probable cause to search the vehicle.

To rule as it did, the court of appeals assumed that the trial court refused to consider any evidence presented at the hearing, except the officer's assertion that he did not think he had probable cause to believe appellee's car contained contraband. From the language in the minute entry, we think such an assumption is unwarranted. The language could be read as the court of appeals read it. Or it could be read to mean that the totality of Officer Martin's testimony (his testimony was the only evidence the state presented) would not support a finding of probable cause. We cannot find from this ambiguous language that the trial court failed to consider almost all of the evidence presented to it. There being no clear and manifest error, the ruling

of the trial court is affirmed. *See State v. Dugan, supra.*

 We affirm the ruling of the trial court also because we do not think the state has met its burden of proving the existence of probable cause. Probable cause is defined in *State v. Heberly,* 120 Ariz. 541, 544, 587 P.2d 260, 263 (App.1978). The court of appeals said:

> Probable cause is information sufficient to justify belief by a reasonable man that an offense is being or has been committed. (citation omitted.) Probabilities are not certainties but, rather, are "the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." (citations omitted.)

The court can view the evidence through the experience of the officer. *See State v. Sardo,* 112 Ariz. 509, 543 P.2d 1138 (1975). Even if one were to view the facts through the eyes of an experienced narcotics officer, the officer's testimony does not support a finding of probable cause. The officer's suspicions were not without foundation, but we cannot say that it was more probable than not that cocaine would be found in appellee's truck. The ruling of the trial court is affirmed.

HOLOHAN, C.J., GORDON, V.C.J., and CAMERON and FELDMAN, JJ., concur.