**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Thomas Frederick JOHNSTON, Defendant-Appellant.**

No. 73–3499.

United States Court of Appeals, Ninth Circuit.

May 1, 1974.

Hugh John Gibson (argued), Beverly Hills, Cal., Robert N. Harris, Jr., Los Angeles, Cal., for defendant-appellant.

James W. Meyers, Asst. U. S. Atty. (argued), Harry D. Steward, U. S. Atty., Stephen G. Nelson, Asst. U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before DUNIWAY and GOODWIN, Circuit Judges, and BURNS,* District Judge.

## OPINION

BURNS, District Judge:

Johnston appeals from a conviction for possession of a controlled substance

---

* Honorable James M. Burns, United States District Judge, District of Oregon, sitting by designation.

(50 pounds of marijuana) with intent to distribute in violation of 21 U.S.C. § 841(a)(1). We affirm.

Johnston purchased a one-way Amtrak ticket from San Diego to New York City on June 14, 1973, with roomette accommodations from Los Angeles to New York. Acting on a previous request to inform him of persons making such arrangements, Amtrak personnel notified a federal drug agent of Johnston's ticket purchase. The agent proceeded to the San Diego Amtrak station and commenced observation of Johnston.

The agent noted that Johnston fit an informal "profile" of suspected marijuana couriers he had previously developed in that Johnston: (a) bought tickets of the sort described above; (b) carried heavy luggage (two suitcases); and (c) handled his luggage himself rather than checking it with the railroad. The agent maintained his surveillance and followed Johnston as the latter boarded the train.

The train was crowded and the luggage compartments in the coach were filled. Hence, like many passengers that day, Johnston placed his luggage in the vestibule area between two cars. After Johnston left the vestibule area, the agent approached the luggage, visually examined its exterior, and then, bending down, sniffed the strong odor of marijuana coming from each suitcase. Not having keys to open them, he forced open the locked suitcases. They contained a number of kilos of marijuana in the usual wrappers. This discovery occurred about three minutes before the train was to leave San Diego. The agent then approached Johnston, advised him of his official identity, and then arrested and removed him and his luggage from the train. The agent had neither a search warrant nor Johnston's consent.

All these facts were brought out on the motion to suppress, which was denied by the District Court. Thereafter, Johnston waived his right to jury trial and submitted the case to the Court on a stipulated set of facts, which incorporated, by reference, the facts developed at the hearing on the motion to suppress. The Court found Johnston guilty; this appeal followed.

Johnston claims the action of the narcotics agent in approaching his luggage and bending down and sniffing constituted a search forbidden by the Fourth Amendment because it was without warrant or probable cause. Alternatively, Defendant contends, that even if the sniffing activity was lawful and appropriate, the forcing of the locks and opening of the luggage itself was an illegal search absent a warrant, because no exigent circumstances existed which would justify an exemption from the warrant requirements of the Fourth Amendment.

■ We reject Johnston's argument that he had a reasonable expectation of privacy from drug agents with inquisitive nostrils. He admits he should have reasonably expected fellow passengers or railway employees to handle his luggage. While we have held that squeezing a suitcase is a search under some circumstances, Hernandez v. United States, 353 F.2d 624, 626 (9th Cir. 1965), we are not prepared to hold that, under the circumstances here, suitcase sniffing (whether the sniffer is erect or bending over) is a search within the meaning of the Fourth Amendment. United States v. Martinez-Miramontes, 494 F.2d 808 (9th Cir. 1974).

■ We also reject Johnston's claim that the agent, upon detecting the presence of marijuana in the suitcases, should then have secured a warrant. The train was due to leave in three minutes. Even though Defendant had a ticket from San Diego to Los Angeles and thereafter to New York City, the agent was not required to assume that Defendant would stay on the train with the marijuana in the suitcases all the way to New York City. The agent could properly have believed that Defendant would depart with the suitcases at some stop along the way. Indeed, the agent could properly have believed that Defendant might well discharge one or

both suitcases at some intermediate point to an accomplice in the criminal enterprise. We conclude that the circumstances here were sufficiently exigent to justify the warrantless search. Hernandez v. United States, supra at 627.

The conviction is affirmed.