**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Pamela Lynn HAHN, Defendant–Appellant.**

No. 87–1793.

United States Court of Appeals, Fifth Circuit.

July 1, 1988.

Rehearing and Rehearing En Banc Denied Aug. 24, 1988.

---

Charles Louis Roberts, El Paso, Tex., for defendant-appellant.

LeRoy Morgan Jahn, Asst. U.S. Atty., Antonio, Tex., for plaintiff-appellee.

Before BROWN, KING and HIGGINBOTHAM, Circuit Judges.

KING, Circuit Judge:

Pamela Lynn Hahn entered a conditional guilty plea to both counts of an indictment charging, in Count One, that she unlawfully possessed marijuana with the intent to distribute and, in Count Two, that she traveled in interstate commerce to facilitate an unlawful activity involving controlled substances. On appeal, Hahn challenges the district court's denial of her motion to suppress evidence. Finding no merit in Hahn's arguments with respect to the suppression motion, we affirm the judgment of conviction and sentence on Count One. The government concedes, however, that Hahn's conviction on Count Two should be vacated. Therefore, we reverse the judgment of conviction and vacate the sentence imposed on that count. The sentence on the reversed count having been concurrent with the sentence on the affirmed count, we need not remand for resentencing.

I.

On May 7, 1987, United States Border Patrol agent Bradley Williams ("Williams") was assigned to duty at the El Paso International Airport.[1] At approximately 3:00 a.m., Williams, who was standing outside the airport terminal near an American Airlines skycap, observed Pamela Lynn Hahn ("Hahn") arrive at the airport in a pickup truck. Hahn removed two new, matching, maroon hard-shell suitcases from the truck and got in line to check her bags with the skycap. While she was standing in line, Hahn appeared to be nervous and seemed to crowd the people in front of her with her suitcases as the line progressed. As Williams watched, Hahn removed two American Airlines name tags—which were already filled out—from her purse and placed them on her bags. The fact that Hahn had gone to the trouble of securing her ticket and obtaining and completing the name tags, yet had refrained from placing the tags on the suitcases until she was in line, struck Williams as unusual. Hahn also appeared to fidget while in line. When she reached the front of the line, Hahn checked her bags. Hahn also tipped the skycap—an action Williams found unusual given Hahn's apparent socioeconomic class.

---

1. In reviewing a district court's ruling on a motion to suppress based on testimony at a suppression hearing, we must accept the district court's factual findings unless they are clearly erroneous or are influenced by an incorrect view of the law. *United States v. Maldonado*, 735 F.2d 809, 814 (5th Cir.1984). Further, we must view the evidence in the light most favorable to the party that prevailed below. *Id.* Therefore, this opinion will reflect, in large measure, the factual findings of the district court below. Those findings are supported by the testimony at the suppression hearing and are, for the most part, undisputed.

Hahn appeared watchful as she returned to her vehicle. She then sat in the pickup for approximately one minute before she finally drove it to the airport parking lot.

At this point, Williams proceeded to the American Airlines baggage holding area to inspect Hahn's suitcases. Williams noticed that the bags' destination tags indicated that Hahn was going to Pittsburg, Pennsylvania. Williams found this suspicious because Hahn "didn't look like someone who was from Pittsburgh." Williams removed the suitcases from the conveyor belt and squeezed them. Williams could smell an odor of fabric softener and marijuana in the air emanating from Hahn's suitcases. Williams then went outside and brought back Border Patrol agent Lopez ("Lopez") to confirm his findings. Lopez also squeezed and sniffed the bags, smelling marijuana. Lopez took Hahn's luggage to the Border Patrol office at the airport.

Williams and another agent then went to await Hahn's return from the parking area. The agents stopped Hahn, questioned her, and asked her to accompany them to the Border Patrol office, informing her that they needed to straighten out a problem with her bags. Hahn agreed to accompany the agents. Upon reaching the office, the agents gave Hahn her *Miranda* warnings. After asking Hahn some general questions, the agents asked her for permission to open the suitcases. Hahn refused. The agents then contacted the El Paso Police Department and requested the services of a narcotics detection dog. The first dog arrived on the scene at approximately 3:40 a.m., but was behaving erratically and could not decisively detect the presence of contraband in Hahn's suitcases. A second canine unit was called, however, arriving at the airport at approximately 4:30 a.m. The second dog alerted three separate times on both of Hahn's suitcases, indicating the presence of narcotics. The agents then obtained a search warrant, opened the suitcases and discovered approximately fifty pounds of marijuana.

On June 2, 1987, a federal grand jury returned a two-count indictment charging Hahn with several violations of federal narcotics laws. Count One charged that Hahn "unlawfully, knowingly, and intentionally did possess with intent to distribute a quantity of marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1)." Count Two charged Hahn with using a facility in interstate commerce to carry on an unlawful activity involving controlled substance offenses, in violation of the Travel Act, Title 18, United States Code, section 1952. On June 24, Hahn moved to suppress all evidence discovered during the airport episode. On July 30, after hearing testimony and arguments of counsel, the district court denied Hahn's suppression motion. Hahn then entered a conditional plea of guilty, *see* Fed.R.Crim.P. 11(a)(2), and reserved the right to appeal the district court's denial of her suppression motion.

The district court sentenced Hahn to a two year term of imprisonment on each of the two counts against her, the sentences to run concurrently. The district court suspended the execution of the sentences of imprisonment, however, and placed Hahn on probation with supervision for five years. As a special condition to her term of probation, Hahn was ordered to perform 300 hours of community service work. Hahn was also ordered, pursuant to Title 18, United States Code, section 3013(a), to pay a $50 assessment on each count, for a total of $100. Hahn filed timely notice of appeal from the judgment. On appeal, Hahn argues that the district court erred in denying her suppression motion because the agents' actions constituted an improper search under the fourth amendment.

## II.

On appeal, Hahn contends that the agents' removal, squeeze and sniff of her suitcases constituted an illegal "seizure" and "search." We have recently held, however, that a Border Patrol agent's removal of a suspect's bag from an airport baggage area conveyor belt, his squeeze of the bag to procure a scent, and his subsequent sniff of that bag constitutes neither a seizure nor a search. *United States v. Lovell*, 849 F.2d 910, 913 (5th Cir.1988).

*Lovell* disposes of Hahn's argument. We agree with the district court that the agents' detection of a marijuana odor, along with the other facts present, supplied the agents with the requisite probable cause to arrest Hahn. Moreover, the agents also had probable cause to detain Hahn's suitcases and seek a warrant in order to search them. Therefore, we find no error in the district court's denial of Hahn's suppression motion.

While Hahn does not raise the argument on appeal, the government concedes that under our recent decision in *United States v. Hernandez–Palacios*, 838 F.2d 1346 (5th Cir.1988), Hahn's conviction on Count Two for violating the Travel Act must be vacated. Therefore, while we affirm the district court's judgment of conviction and sentence as to Count One, we must reverse the judgment of conviction and vacate the two year term of imprisonment and $50 assessment imposed on Count Two. As the sentence imposed on Count Two was to run concurrently with the sentence imposed on Count One, resentencing is not necessary. A copy of this opinion is, however, to be attached to the judgment so that prison authorities and the parole board will have accurate information regarding the offense for which Hahn stands convicted.

### III.

For the foregoing reasons, the judgment is AFFIRMED IN PART and REVERSED AND RENDERED IN PART.