UNITED STATES of America,
Plaintiff–Appellee,

v.

Jose JAQUEZ, III, Defendant–Appellant.

No. 87–1741.

United States Court of Appeals,
Fifth Circuit.

July 1, 1988.

Rehearing and Rehearing En Banc
Denied Aug. 24, 1988.

Charles Louis Roberts, Robert Ramos, El Paso, Tex., for defendant-appellant.

LeRoy Morgan Jahn, Asst. U.S. Atty., Helen M. Eversberg, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before BROWN, KING and HIGGINBOTHAM, Circuit Judges.

KING, Circuit Judge:

Jose Jaquez, III, entered a conditional guilty plea to both counts of an indictment charging him, in Count One, with unlawfully possessing marijuana with the intent to distribute and, in Count Two, with traveling in interstate commerce to facilitate an unlawful activity involving controlled substances. On appeal, Jaquez challenges the district court's denial of his motion to suppress evidence. Finding no merit in Jaquez's arguments with respect to the suppression motion, we affirm the judgment and sentence on Count One. The government concedes, however, that Jaquez's conviction on Count Two should be vacated. Therefore, we reverse the judgment of conviction and vacate the sentence on that count. The sentence on the reversed count having been concurrent with the sentence on the affirmed count, we need not remand for resentencing.

## I.

On March 25, 1987, United States Border Patrol agent Joe Castillo ("Castillo") was assigned to duty at the El Paso International Airport.[1] At approximately 3:20 a.m., Castillo observed Jose Jaquez, III ("Jaquez") near the American Airlines baggage check-in facility on the sidewalk in front of the airport terminal. Jaquez was removing three suitcases from a white Ford Bronco. Jaquez brought the bags to a skycap for checking, looking around nervously as he did so. When he discovered that Castillo was observing him, Jaquez glanced frequently at Castillo, as if he were intent on knowing what Castillo was doing. Jaquez then went inside the terminal and approached the American Airlines ticket counter where he appeared to purchase a ticket.

At that point, Castillo and another agent proceeded to the American Airlines baggage area. In the baggage area, the agents compressed the sides of Jaquez's suitcases; one of the suitcases emitted odors of marijuana, shaving lotion or cologne, and coffee. That suitcase was a maroon soft-sided vinyl bag which, according to the attached baggage check, had been checked to LaGuardia Airport in New York City. Castillo could also feel two large solid bundles inside the suitcase. No odor of marijuana could be detected prior to the agents' compression of the suitcase. Castillo took the maroon suitcase to the Border Patrol office at the airport. Castillo returned to the main lobby of the terminal to find Jaquez. There, Castillo encountered Border Patrol agent Francisco Chavaria ("Chavaria") and advised him that Jaquez was almost certainly carrying a controlled substance. As Castillo and Chavaria spoke, Jaquez proceeded to run through the main lobby and up to the American Airlines security check point upstairs.[2] Jaquez was stopped by the agents at approximately 3:28 a.m., as he cleared the security checkpoint.

The agents aproached Jaquez and Chavaria identified himself as a Border Patrol

---

**1.** In reviewing a district court's ruling on a motion to suppress based on testimony at a suppression hearing, we must accept the district court's factual findings unless they are clearly erroneous or are influenced by an incorrect view of the law. *United States v. Maldonado*, 735 F.2d 809, 814 (5th Cir.1984). Further, we must view the evidence in the light most favorable to the party that prevailed below. *Id.* Therefore, this opinion will reflect, in large measure, the factual findings of the district court below. Those findings are supported by the testimony at the suppression hearing and are, for the most part, undisputed.

**2.** During this time, Border Patrol agent King had picked up the surveillance of Jaquez. According to Castillo, even though Jaquez's flight was scheduled to depart at 3:36 a.m., Jaquez had not appeared to be in any great hurry to make his flight prior to bolting for the departure gate; rather, he appeared just to be wasting time.

agent. Chavaria then asked Jaquez if he had checked any luggage to which Jaquez at first replied no, then changed his answer to yes. The agents then asked Jaquez to accompany them to their office to discuss the contents of one of the suitcases. En route to the Border Patrol office, Castillo asked Jaquez if he had an airline ticket. Jaquez responded affirmatively and presented his ticket to the agent. Inside the ticket folder were three airline tickets and three baggage claim checks which corresponded to the suitcases checked by Jaquez.[3] Jaquez was advised of his rights and signed a written consent to search form at approximately 3:45 a.m. Two bundles of plastic bags containing 26 pounds of marijuana were discovered in the maroon suitcase previously inspected by Castillo.

On April 17, 1987, a federal grand jury returned a two-count indictment charging Jaquez with several violations of federal narcotics laws. Count One alleged that Jaquez "unlawfully, knowingly, and intentionally did possess with intent to distribute a quantity of marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1)." Count Two charged Jaquez with using an interstate carrier—a facility in interstate commerce—"with the intent to promote, carry on and facilitate the promotion and carrying on of an unlawful activity involving controlled substance offenses" in violation of the Travel Act, Title 18, United States Code, section 1952. On July 1, Jaquez filed a motion to suppress all evidence seized and statements made during the airport episode. On July 17, the district court denied Jaquez's motion. Later, pursuant to a plea agreement, Jaquez entered a conditional plea of guilty to both counts in the indictment, reserving his right to appeal the district court's adverse judgment on his suppression motion. The district court sentenced Jaquez to a three year term of imprisonment, to be followed by a five year special parole term, on Count One. On Count Two, the district court sentenced Jaquez to a three year term of imprisonment, the sentence to run concurrently with that imposed on Count One. In addition, pursuant to Title 18, United States Code, section 3013(a), the district court ordered Jaquez to pay a $50 assessment as to each count, for a total of $100. Jaquez filed timely notice of appeal.

II.

Jaquez's sole contention on appeal is that the agents' squeeze and sniff of his suitcase constituted an illegal "search." We have recently held, however, that a Border Patrol agent's removal of a suspect's bag from an airport baggage area conveyor belt, his squeeze of the bag to procure a scent, and his subsequent sniff of that bag constituted neither a search nor a seizure. *United States v. Lovell*, 849 F.2d 910, 912–13 (5th Cir.1988). *Lovell* disposes of Jaquez's argument. We agree with the district court that the agents' detection of a marijuana odor, along with the other facts present, supplied the agents with the requisite probable cause to arrest Jaquez. Moreover, Jaquez does not contend that his consent to the agents' search of his suitcase was not freely given. Therefore, we find no error in the district court's denial of his suppression motion.

While Jaquez does not raise the argument on appeal, the government concedes that under our recent decision in *United States v. Hernandez–Palacios*, 838 F.2d 1346 (5th Cir.1988), Jaquez' conviction on Count Two for violating the Travel Act, Title 18, United States Code, section 1952, must be vacated. Therefore, while we affirm the district court's judgment as to Count One, we must reverse the judgment and vacate the three year term of imprisonment and $50 assessment imposed on Count Two. As the sentence imposed on Count Two was to run concurrently with the sentence imposed on Count One, resentencing is not necessary. A copy of this opinion is, however, to be attached to the judgment so that prison authorities and the parole board will have accurate information

---

**3.** The other two tickets belonged to Jaquez's mother and his young child. Those two were taken into custody but were released shortly thereafter.

regarding the offense for which Jaquez stands convicted.

## III.

For the foregoing reasons, the judgment is AFFIRMED IN PART and REVERSED AND RENDERED IN PART.

---

1. In reviewing a district court's ruling on a motion to suppress based on testimony at a suppression hearing, we must accept the district court's factual findings unless they are clearly erroneous or are influenced by an incorrect view of the law. *United States v. Maldonado,*