**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Stephen Lawrence SAWYER, Defendant-Appellant.**

**No. 87–1731.**

United States Court of Appeals, Fifth Circuit.

July 1, 1988.

Rehearing and Rehearing En Banc Denied Aug. 24, 1988.

Charles Louis Roberts, Robert Ramos, El Paso, Tex., for defendant-appellant.

LeRoy Morgan Jahn, Asst. U.S. Atty., Helen M. Eversberg, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before BROWN, KING and HIGGINBOTHAM, Circuit Judges.

KING, Circuit Judge:

Stephen Lawrence Sawyer, having entered a conditional guilty plea to a violation of federal narcotics law, appeals from the district court's denial of his motion to suppress evidence. Finding no merit in Sawyer's contentions on appeal, we affirm.

### I.

On April 15, 1987, United States Border Patrol agent Joe Castillo ("Castillo") was assigned to duty at the El Paso International Airport.[1] At approximately

---

1. In reviewing a district court's ruling on a motion to suppress based on testimony at a suppression hearing, we must accept the district court's factual findings unless they are clearly erroneous or are influenced by an incorrect view of the law. *United States v. Maldonado,*

3:20 a.m., Castillo, who was standing near the Avis Rent-a-Car counter at the airport, observed Stephen Lawrence Sawyer ("Sawyer") returning a car at the nearby Hertz booth. After noticing that Castillo was observing him, Sawyer became nervous and kept glancing over at Castillo and his partner, Border Patrol agent Lopez ("Lopez"). This behavior attracted the agents' attention. From the Hertz counter, Sawyer proceeded to the American Airlines ticket counter; as he passed the agents, Sawyer gave them sideward glances. Sawyer still appeared nervous as he stood in the baggage check line. When he reached the counter, Sawyer checked a grey suit bag and a blue suitcase.

By this time, the agents were suspicious of Sawyer's behavior. After Castillo signalled for Border Patrol agent Gladys Major ("Major") to keep Sawyer under observation, Castillo and Lopez proceeded to the American Airlines baggage area and removed the grey garment bag and blue suitcase from the conveyor belt. An inspection of the two bags revealed that both had been checked to Washington D.C. and that both bore tags in the name of "Steve Washington." Both agents then compressed the sides of the bags in order to force out the air inside. By sniffing near the seams of the bags, they were able to detect the odors of marijuana and cologne emanating from the suitcase. Prior to pressing the sides, the agents were unable to detect any odor of marijuana. Castillo and Lopez took the blue suitcase to the Border Patrol office at the airport and placed it in a locked room. They then went in search of Sawyer.

The agents found that Sawyer was in a snack bar in the main lobby of the terminal located near the bottom of the escalator leading to the concourse level. The agents went to the top of the escalator and waited for Sawyer to emerge. Several minutes before his flight was scheduled to depart, Sawyer exited the snack bar and looked down the main lobby and then over towards the escalator. Upon observing the agents standing at the head of the escalator, Sawyer looked surprised and quickly stepped back into the snack bar. The agents withdrew from their position and, shortly thereafter, Sawyer re-emerged from the snack bar and walked briskly toward his departure gate. The agents approached Sawyer at the boarding gate, identified themselves as immigration officers and inquired as to his citizenship status. Sawyer informed them that he was an American citizen and presented them with a Virginia driver's license under the name of "Stephen Lawrence Sawyer."

Castillo then inquired as to whether Sawyer had checked any luggage and Sawyer replied no. When asked again, Sawyer replied that he had checked only a suit bag. At this point, Sawyer was asked to accompany the agents to the Border Patrol office for further questioning. Upon arriving at the office, Sawyer was furnished an Advice of Rights Form which he read and signed. At approximately 3:40 a.m., he acknowledged that he understood his rights. The agents then asked Sawyer if the blue suitcase, which was there in the office, was his. Sawyer replied no. Later in the interview, however, Sawyer admitted that arrangements were made with an unknown individual or individuals for Sawyer to come to El Paso, go to the La Quinta motel, pick up the suitcase and return to Washington D.C. with it. Sawyer was to receive $1,000 and travel expenses for the task. The agents contacted the El Paso Police Department and requested the services of a canine unit. The narcotics dog arrived at approximately 5:00 a.m. and, after a suitcase lineup was arranged, alerted three times to the blue suitcase, indicating the presence of contraband. Sawyer and the blue suitcase were then taken to Border Patrol headquarters where Sawyer consented to a search of the bag. The search of the blue suitcase revealed twenty-four pounds of loose form marijuana wrapped in a garbage bag.

735 F.2d 809, 814 (5th Cir.1984). Further, we must view the evidence in the light most favorable to the party that prevailed below. *Id.* Therefore, this opinion will reflect, in large measure, the factual findings of the district court below. Those findings are supported by the testimony at the suppression hearing and are, for the most part, undisputed.

On May 5, 1987, a federal grand jury returned a single count indictment charging that Sawyer "unlawfully, knowingly, and intentionally did possess with intent to distribute a quantity of marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1)." On July 1, Sawyer filed a motion to suppress all items of evidence, including post-arrest statements, "illegally" obtained from him as a result of the "illegal seizure" of Sawyer and his luggage at the airport. On July 30, the district court denied Sawyer's motion. Consequently, Sawyer entered a conditional plea of guilty, reserving the right to appeal the district court's ruling on his suppression motion. *See* Fed. R. Crim. Pro. 11(a)(2). Sawyer was sentenced to three years imprisonment and a three year special parole term. The execution of that sentence was suspended, however, and Sawyer was placed on probation with supervision for a period of five years. In addition, Sawyer was required to pay a $50 special monetary assessment and was ordered to perform 200 hours of community service work. Sawyer filed timely notice of appeal from the district court's denial of his suppression motion.

## II.

Sawyer's sole contention on appeal is that the district court erred in concluding that the agents had probable cause for Sawyer's arrest once they smelled marijuana in the suitcase, because the agents' conduct in discovering the scent was unlawful. Specifically, Sawyer contends that the agents' compression of the suitcase constituted a "search" which, unsupported by warrant or probable cause, was improper under the fourth amendment. We have recently held, however, that a Border Patrol agent's removal of a suspect's bag from an airport baggage area conveyor belt, his squeeze of the bag to procure a scent, and his subsequent sniff of that bag constituted neither a search nor a seizure. *United States v. Lovell,* 849 F.2d 910, 912–13 (5th Cir.1988). *Lovell* disposes of Sawyer's argument. Given that the agents' actions in procuring a scent were not unlawful, we must agree with the district court that under the facts present, there was probable cause to arrest Sawyer. Moreover, Sawyer does not contend that his consent to the agents' later search of his suitcase was not freely given. Therefore, we find no error in the district court's denial of Sawyer's motion to suppress.

## III.

For the foregoing reasons, the judgment is AFFIRMED.