Opinion
 

 BENKE, Acting P. J
 

 After the denial of his motion to suppress evidence, David Santana pleaded guilty to transporting marijuana and was granted probation. He appeals, arguing officers conducted an unconstitutional search when they squeezed his luggage in order to facilitate smelling its contents. We conclude the officers’ conduct was proper.
 

 Facts
 

 On September 20, 1995, officers of the San Diego Airport Narcotics Task Force were watching the arrival of passengers for a flight that had been used
 
 *545
 
 on occasion by persons transporting drugs. Appellant checked two bags for the flight. While officers followed appellant to the departure gate, others followed his luggage to the baggage room.
 

 In the baggage room an officer “poofed,” i.e., squeezed, appellant’s luggage. The officer smelled the expelled air and detected the aroma of fabric softener, a substance the officer knew was used to mask the smell of drugs. The officer called for a dog trained in detecting drugs. Appellant’s bags were put on baggage carts with other luggage. The dog sniffed the collected luggage and “alerted” on appellant’s bags, i.e., displayed a behavior indicating the presence of drugs. On the authority of a search warrant, appellant’s bags were opened, revealing 38 pounds of marijuana.
 

 Discussion
 

 Appellant argues the act of “poofing,” that is, squeezing his bags, and smelling the air expended was an unconstitutional search, and that but for the resulting detection of the smell of fabric softener, a drug-sniffing dog would not have been utilized and the marijuana in the bags would not have been discovered.
 

 1.
 
 Law
 

 We find no opinion in California deciding whether an officer may squeeze a bag checked with an airline in order to smell the expelled air. Other jurisdictions have reached the issue with differing results.
 

 In its 1965 opinion in
 
 Hernandez
 
 v.
 
 United States
 
 (9th Cir. 1965) 353 F.2d 624
 
 (Hernandez),
 
 the Ninth Circuit concluded the squeezing of a bag checked with an airline to facilitate smelling its contents was an unconstitutional search. The court first concluded the squeezing was a search since it was a “ ‘prying into hidden places for that which was concealed.’ ”
 
 (Id.
 
 at p. 626.) The court held the search violated the Fourth Amendment since it was made without a warrant and was neither incident to an arrest nor required by some exceptional circumstance. (353 F.2d at pp. 626-627.)
 
 [1]
 

 In 1981 the Fifth Circuit took a different view in
 
 United States
 
 v.
 
 Viera
 
 (5th Cir. 1981) 644 F.2d 509
 
 (Viera).
 
 In
 
 Viera
 
 the defendant was a bus
 
 *546
 
 passenger. A driver moving the defendant’s bags noted they were unusually heavy. One of them came slightly open and the driver could see several bags of pills and white powder inside. Drug agents were called. The agents “prepped” the bags, i.e., pressed them lightly and slowly circulated the air. After so propping the bags, narcotics-sniffing dogs alerted on them indicating they contained drugs.
 
 (Id.
 
 at p. 510.)
 

 The court held the light pressing of the exterior of the bags was so minor an intrusion on privacy and integrity that it could not reasonably be considered a search for the purposes of the Fourth Amendment.
 
 (Viera, supra,
 
 644 F.2d at pp. 510-511;
 
 Sprowls
 
 v.
 
 State
 
 (Fla.Dist.Ct.App. 1983) 433 So.2d 1271, 1272.)
 

 In 1988, the Fifth Circuit followed
 
 Viera
 
 in
 
 U.S.
 
 v.
 
 Lovell
 
 (5th Cir. 1988) 849 F.2d 910
 
 (Lovell).
 
 In
 
 Lovell,
 
 agents became suspicious of a passenger who checked his luggage for an airline flight. The agents followed the luggage to the baggage room where they removed it from a conveyor belt, squeezed it and smelled the odor of marijuana expelled from the bags. A narcotics-sniffing dog was brought to the room and alerted on the luggage.
 
 (Id.
 
 at p. 911.)
 

 The court concluded the squeezing of the bags and the smelling of the expelled air did not amount to a search within the meaning of the Fourth Amendment. The court concluded that while a passenger had a reasonable expectation that the contents of his checked baggage would not be exposed, no such expectation of privacy existed with regard to the air emanating from the bag, and the passenger had no expectation under the circumstances that his bags would not be moved or handled.
 
 (Lovell, supra,
 
 849 F.2d 910, 912-915;
 
 [2]
 
 see also
 
 U.S.
 
 v.
 
 Guzman
 
 (6th Cir. 1996) 75 F.3d 1090, 1093-1095;
 
 Scott
 
 v.
 
 State
 
 (Okla. Crim. App. 1996) 927 P.2d 1066, 1068.)
 

 In
 
 U.S.
 
 v.
 
 McDonald
 
 (7th Cir. 1996) 100 F.3d 1320
 
 (McDonald),
 
 a bus passenger stowed her carry-on bag in an overhead rack. Officers assigned to
 
 *547
 
 a drag interdiction program entered the bus when passengers disembarked for a short layover. The officers walked down the aisle feeling the exterior of the bags in the overhead rack and sniffing the air around the bags. Officers felt what they concluded were packed bricks in two of the bags and suspected the bags contained a controlled substance.
 
 (Id.
 
 at pp. 1322-1323.)
 

 The court in
 
 McDonald
 
 noted a Fourth Amendment privacy interest exists in the contents of personal luggage. It concluded, however, no such interest applied to the exterior of bags placed in an overhead rack in a bus since such items are readily accessible to others on the bus and often will be touched, moved and manipulated by other passengers.
 
 (McDonald, supra,
 
 100 F.3d at pp. 1324-1327.)
 

 In
 
 State
 
 v.
 
 Peters
 
 (1997) 189 Ariz. 216 [941 P.2d 228, 229-230]
 
 (Peters),
 
 the Arizona Supreme Court overruled its 1977 decision in
 
 State
 
 v.
 
 Randall
 
 (1977) 116 Ariz. 371 [569 P.2d 313], in which it had held that the brief detention of luggage after being checked with an airline, together with a squeezing of the bag to feel its contents, violated the Fourth Amendment.
 

 In
 
 Peters
 
 the defendant checked his baggage with an airline. An officer went to the baggage area, squeezed defendant’s luggage and smelled a strong, sweet aroma in the expelled air. Knowing substances such as fabric softener were used to mask the smell of drags, the officer pressed harder on the bags and felt a hard solid mass. Officers went to the defendant’s aircraft and placed him under arrest. A warrant was secured, the bags were opened and found to contain 60 pounds of marijuana.
 
 (Peters, supra,
 
 941 P.2d at pp. 229-230.)
 

 The court concluded that when luggage is entrusted to an airline it is not seized within the meaning of the Fourth Amendment by a subsequent examination that neither interferes with nor frustrates the owner’s travel. It noted that an Arizona Court of Appeal in
 
 State
 
 v.
 
 Millan
 
 (1995) 185 Ariz. 398 [916 P.2d 1114, 1115-1116], had held such an examination, including a squeeze of the bag to facilitate smelling its contents, was not a violation of the Fourth Amendment.
 

 The court in
 
 Peters
 
 agreed, stating: “Given modem conditions, we believe
 
 [Millan]
 
 correctly states the law. The world has changed in the twenty years since
 
 Randall
 
 was decided. Today police, airport security personnel, and travelers must all be concerned not only that drags may be transported but that explosives, incendiary devices, and other items that threaten the safety
 
 *548
 
 of those on the airplane may be stored in luggage in the airplane’s baggage compartment. Travelers today expect and want luggage X-rayed, sniffed, felt, and handled in an manner that is as non-intrusive as possible but consistent with ensuring that the checked luggage does not contain items that threaten their safety. Brief, non-intrusive detention of checked luggage for such examination no longer invades a traveler’s reasonable expectation of privacy, does not unduly interfere with possessory rights, and is not a seizure under the Fourth Amendment.”
 
 (Peters, supra,
 
 941 P.2d at p. 231.)
 

 2.
 
 Discussion
 

 We agree with those courts holding it is proper for an officer to squeeze checked luggage to smell the air expelled. While as a general matter a right to privacy exists in the contents of one’s luggage
 
 (United States
 
 v.
 
 Place
 
 (1983) 462 U.S. 696, 707 [103 S.Ct. 2637, 2644-2645, 77 L.Ed.2d 110]), that right does not exist when, under the circumstances, there is no reasonable subjective or objective expectation of privacy. (See
 
 In re Tyrell J.
 
 (1994) 8 Cal.4th 68, 83-84 [32 Cal.Rptr.2d 33, 876 P.2d 519];
 
 People
 
 v.
 
 Thomas
 
 (1995) 38 Cal.App.4th 1331, 1334-1335 [45 Cal.Rptr.2d 610];
 
 People
 
 v.
 
 Madrid
 
 (1992) 7 Cal.App.4th 1888, 1895-1896 [9 Cal.Rptr.2d 798].)
 
 [3]
 

 We concur with the Arizona Supreme Court’s conclusion in
 
 Peters
 
 that the accepted need for heightened security has lessened air travelers’ reasonable expectation of privacy in both checked and carry-on baggage. We also agree with the more mundane observation made in other cases that when luggage is checked, it is unavoidably subject to manipulation, handling and compression. While it might be reasonable to expect that packed articles will not be exposed to public view,
 
 [4]
 
 it is not reasonable to believe that the air contained in checked luggage, and its odors, will remain in the luggage. That in any given case the air is expelled as the result of a bag being dropped to the ground, pushed hard against other bags or squeezed by a police officer is of no constitutional significance.
 

 
 *549
 
 Appellant’s Fourth Amendment rights were not violated when the officer poofed his luggage.
 
 [5]
 

 The judgment is affirmed.
 

 Haller, J., and McDonald, J., concurred.
 

 Appellant’s petition for review by the Supreme Court was denied July 29, 1998. Mosk, J., was of the opinion that the petition should be granted.
 

 [1]
 

 In
 
 United States
 
 v.
 
 Martin
 
 (D.C. Cir. 1977) 562 F.2d 673, 676, footnote 6 [183 App.D.C. 154], the court, citing
 
 Hernandez,
 
 suggested that while not discussed by the parties, the search in that case might have started when the officers probed a bulge in the side of a suitcase. In
 
 United States
 
 v.
 
 Johnston
 
 (9th Cir. 1974) 497 F.2d 397, 398, the court noted
 
 Hernandez
 
 held the squeezing of a suitcase “under some circumstances” was a search but found the rule not
 
 *546
 
 applicable to the facts before it. In
 
 Pooley
 
 v.
 
 State
 
 (Alaska Ct. App. 1985) 705 P.2d 1293, 1303-1304, the Alaska Court of Appeals cited
 
 Hernandez
 
 but left undecided whether the squeezing of a suitcase was a search for purposes of the Fourth Amendment. Later Ninth Circuit cases suggest if faced again with the issue of the propriety of squeezing checked bags, at least some justices of that court might not follow
 
 Hernandez.
 
 (See
 
 U.S.
 
 v.
 
 Johnson
 
 (9th Cir. 1993) 990 F.2d 1129, 1132-1133;
 
 U.S.
 
 v.
 
 Brown
 
 (9th Cir. 1989) 884 F.2d 1309, 1311; but see
 
 U.S.
 
 v.
 
 White
 
 (9th Cir. 1985) 766 F.2d 1328, 1331.)
 

 [2]
 

 The same panel of the Fifth Circuit on the same day reached the same conclusion in a series of cases.
 
 (U.S.
 
 v.
 
 Garcia
 
 (5th Cir. 1988) 849 F.2d 917, 919;
 
 U.S.
 
 v.
 
 Roman
 
 (5th Cir. 1988) 849 F.2d 920, 923;
 
 U.S.
 
 v.
 
 Cagle
 
 (5th Cir. 1988) 849 F.2d 924, 926;
 
 U.S.
 
 v.
 
 Karman
 
 (5th Cir. 1988) 849 F.2d 928, 931;
 
 U.S.
 
 v.
 
 Hahn
 
 (5th Cir. 1988) 849 F.2d 932, 934-935;
 
 U.S.
 
 v.
 
 Jaquez
 
 (5th Cir. 1988) 849 F.2d 935, 937;
 
 U.S.
 
 v.
 
 Sawyer
 
 (5th Cir. 1988) 849 F.2d 938, 940;
 
 U.S.
 
 v.
 
 Guiterrez
 
 (5th Cir. 1988) 849 F.2d 940, 942-943.)
 

 [3]
 

 We note the Ninth Circuit’s
 
 Hernandez
 
 decision, finding the squeezing of checked luggage unlawful, was decided before
 
 Katz
 
 v.
 
 United States
 
 (1967) 389 U.S. 347, 360 [88 S.Ct. 507, 516, 19 L.Ed.2d 576], and later decisions elucidating privacy expectations as central to Fourth Amendment analysis. (See 1 LaFave, Search and Seizure (3d ed. 1996) § 2.1(b), pp. 381-386.)
 

 [4]
 

 It is, of course, every traveler’s nightmare to watch as an overpacked bag tossed carelessly from a baggage cart springs open, expelling private possessions to be tumbled across the tarmac by jet wash.
 

 [5]
 

 Having so found, it is unnecessary we discuss appellant’s contention the officer acted improperly when he failed to include in his affidavit in support of the issuance of the search warrant the fact he squeezed appellant’s luggage to facilitate his smell of its contents. Appellant, in an attempt to overcome any claim of good faith reliance on the search warrant (See
 
 United States
 
 v.
 
 Leon
 
 (1984) 468 U.S. 897, 909-918 [104 S.Ct. 3405, 3413-3418, 82 L.Ed.2d 677]), argues the affiant intentionally or recklessly omitted mention of the illegal squeezing of his luggage. Since we conclude such act lawful, its omission from the affidavit was meaningless.