OPINION
Appellant State of Ohio is appealing the decision of the Fairfield County Court of Common Pleas that granted Appellee Christopher Moore's motion to suppress marihuana seized from his vehicle following a traffic stop. The following facts give rise to this appeal. On February 28, 1999, Sergeant Jeff Greene of the Ohio State Highway Patrol observed appellee's vehicle run a red light, at a high rate of speed, on U.S. 33 at Pickerington Road. Sergeant Greene pursued appellee's vehicle and completed a traffic stop. As Sergeant Greene approached appellee's vehicle and appellee rolled down his window, Sergeant Greene detected a strong odor of burnt marihuana emanating from the passenger compartment of appellee's vehicle. Sergeant Greene asked appellee to exit his vehicle. Sergeant Greene searched appellee and discovered drug paraphernalia in one of appellee's pockets. Sergeant Greene proceeded to search appellee's vehicle and discovered a burnt marihuana cigarette in appellee's ashtray. Sergeant Greene subsequently issued appellee a traffic citation for a red light violation and a criminal affidavit for possession of drug paraphernalia and possession of marihuana. On March 24, 1999, appellee filed a motion to suppress the evidence Sergeant Greene discovered during the search of his person and his vehicle. The trial court conducted a hearing on appellee's motion the following day. On April 5, 1999, the trial court issued its judgment entry sustaining appellee's motion to suppress. The state timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION TO SUPPRESS BY RULING THAT THE STATE'S SEARCH OF DEFENDANT'S AUTOMOBILE AND PERSON WAS UNCONSTITUTIONAL WHEN THE SEARCH WAS PREDICATED ON THE ARRESTING OFFICER'S OBSERVATION OF RECENTLY SMOKED MARIJUANA EMANATING FROM WITHIN THE PASSENGER COMPARTMENT OF THE VEHICLE AND WHEN THAT OFFICER IS ADEQUATELY TRAINED IN THE DETECTION OF MARIJUANA BY SMELL.
 II. THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION TO SUPPRESS WHEN IT RULED THAT BECAUSE OF THE LACK OF TANGIBLE EVIDENCE SUPPORTING THE HIGHLY TRAINED OFFICER'S CONCLUSION THAT THE MARIJUANA WAS FRESH BASED UPON HIS OBSERVATION OF A STRONG ODOR OF MARIJUANA THE STATE'S SEARCH OF DEFENDANT'S AUTOMOBILE AND PERSON WAS UNCONSTITUTIONAL.
 III. THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION TO SUPPRESS WHEN IT RULED THAT THE STATE'S SEARCH OF DEFENDANT'S AUTOMOBILE AND PERSON WAS UNCONSTITUTIONAL WHEN THE SEARCH WAS PREDICATED ON THE ARRESTING OFFICER'S OBSERVATION OF A STRONG ODOR OF MARIJUANA INDICATIVE OF FRESHNESS AND, THUS, RECENCY OF USE, AND FURTHERMORE HAS OBSERVED THAT AS HIS BRIEF CONTACT WITH DEFENDANT AND DEFENDANT'S VEHICLE CONTINUED ON PRIOR TO THE RESPECTIVE SEARCHES, THE STRENGTH OF THE ODOR WEAKENED.
 IV. THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION TO SUPPRESS WHEN IT HELD THAT SUSPICIOUS ODORS MUST BE CONFIRMED BY TANGIBLE EVIDENCE IN ORDER TO JUSTIFY A SEARCH BECAUSE OTHER CORROBORATING EVIDENCE CAN ALSO ESTABLISH PROBABLE CAUSE, SUCH AS THE LEVEL OF TRAINING OF THE ARRESTING OFFICER, THE STRENGTH OF THE ODOR OBSERVED, AND THE DEGREE TO WHICH THE ODOR DISSIPATES WITHIN THE OFFICER'S BRIEF CONTACT WITH THE DEFENDANT AND/OR DEFENDANT'S VEHICLE.
 V. THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION TO SUPPRESS WHEN IT HELD THAT DEFENDANT'S FOURTH AMENDMENT RIGHTS HAD BEEN VIOLATED BECAUSE DEFENDANT HAD NO REASONABLE EXPECTATION OF PRIVACY IN HIS VEHICLE AFTER HE PARTICIPATED IN OR ALLOWED ILLEGAL CONDUCT IN HIS VEHICLE THAT NATURALLY CREATED A UNIQUE ODOR ASSOCIATED WITH THAT ILLEGAL CONDUCT AND KNOWING THAT SUCH ODOR WAS LIKELY TO BE DETECTED BY AN OFFICER WHO HAS VALIDLY STOPPED AND APPROACHED THAT VEHICLE.
Standard of Review
There are three methods of challenging, on appeal, a trial court's ruling on a motion to suppress. First, appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether the findings of fact are against the manifest weight of the evidence. See State v. Fanning (1982), 1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 486; State v. Guysinger (1993),86 Ohio App.3d 592. Second, appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. See State v. Williams (1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93; State v. Claytor (1993), 85 Ohio App.3d 623; and Guysinger, supra. As a general rule, determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal. Ornelas v. United States (1996), 517 U.S. 690. In the case sub judice, the issue on appeal is whether the trial court decided the ultimate issue raised in appellee's motion to suppress. Therefore, we must independently determine whether the facts of this case warranted a search of appellee's vehicle.
 I, II, III, IV, V
We will address all five of appellant's assignments of error simultaneously as all concern whether the trial court properly granted appellee's motion to suppress. Appellant's argument, before this court, is whether the trial court erred when it granted appellee's motion to suppress on the basis that the smell of burnt marihuana, without any other tangible evidence, is insufficient to justify a search of the passenger compartment of a motor vehicle. For the reasons that follow, we find the trial court improperly granted appellee's motion to suppress. Fourth Amendment protections do not apply as strictly to automobile searches as they do in other cases. United States v. Ross (1982),456 U.S. 798. "With some limited exceptions, a police officer having probable cause to believe evidence of a crime will be found in an automobile may conduct a search of any part of the vehicle which could reasonably contain the evidence without obtaining a warrant." State v. Jones (Aug. 3, 1998), Ashland App. No. 97-COA-01240, unreported, at 6, citing Ross at 824. Probable cause exists, for a warrantless search of an automobile, only if specific circumstances known to the officer at the time he or she conducted the search are sufficient to lead a reasonable person to believe there is evidence of a crime in the place to be searched. Beck v. Ohio (1964), 379 U.S. 89; United States v. Ventresca (1965), 380 U.S. 102; Ross, supra, at 456. In the matter currently before the court, the trial court granted appellee's motion to suppress based on this court's previous decision in State v. Jones, supra. In the Jones case, Trooper Keener testified that upon approaching the defendant's vehicle, following a traffic stop, he smelled the odor of burnt marihuana emanating from the interior of the vehicle. Jones at 2. After initially questioning the defendant, Trooper Keener placed the defendant and his passenger in the back of his patrol car and conducted a search of defendant's vehicle. Id. at 2-3. Trooper Keener found no marihuana or other contraband in the passenger compartment of defendant's vehicle. Id. at 3. Thereafter, Trooper Keener took the keys from the ignition of defendant's vehicle and opened the trunk. Id. In the trunk, Trooper Keener found four pounds of marihuana. Id. The trial court denied defendant's motion to suppress. Id. On appeal to this court, defendant argued the smell of marihuana emanating from his vehicle did not provide Trooper Keener with probable cause to search the trunk of his vehicle. Id. We agreed with defendant's argument and held that "* * * suspicious odors must be confirmed by tangible evidence in order to justify a search." Id. at 8. Therefore, we concluded the search of defendant's vehicle was unconstitutional because it was predicated on the odor of marihuana alone. Id. We further stated, in Jones, that even if the search of the automobile passenger compartment was justified, the search of the defendant's trunk was unconstitutional. Id. We held that the search of the defendant's trunk was valid only if Trooper Keener had probable cause to believe he would find evidence of a crime in the trunk. Id. Pursuant to the United States Supreme Court's decision in Ross, the power to search an entire vehicle is not operative if officers have probable cause to believe contraband may be hidden in only one part of the vehicle. Id. at 9. Based on the Ross decision, we stated as follows: In this case, Trooper Keener claims he smelled the distinctive odor of burning marihuana emanating from appellant's automobile. We do not find this evidence, standing alone, to be sufficient to provide the probable cause necessary to search the trunk of appellant's vehicle. The odor of burning marihuana, when supported by tangible evidence, and considered in the totality of the circumstances surrounding the search, may provide probable cause for the belief a person has recently indulged in the use of marihuana, and/or may have a small quantity of the substance on his or her person or in the area within his or her immediate control. However, the smell of burning marihuana, standing alone, cannot be used to justify the search of an area where that smell does not indicate evidence of the crimes of marihuana use or possession could reasonably be located. Accordingly, we find that the smell of burning marihuana does not provide an adequate basis for a reasonable belief that contraband may exist in the locked trunk of an automobile. After all, one does not burn marihuana in the trunk of a moving vehicle. We conclude that, under the facts of this case, the smell of burning marihuana is insufficient to provide probable cause to search the trunk of appellant's vehicle. Jones at 10-11.
The case sub judice is distinguishable from the facts presented in Jones. We conclude Sergeant Greene had probable cause to search appellee's vehicle based on the strong smell of marihuana emanating from the passenger compartment of the vehicle. Tr. at 11. In the case of State v. Garcia (1986), 32 Ohio App.3d 38, 39, the Ninth District Court of Appeals noted that the odor of marihuana, standing alone, has frequently been held to provide probable cause for warrantless searches especially where the officers are experienced in its detection. Further, federal courts have also recognized that the odor of marihuana, in itself, provides probable cause for a search of a motor vehicle. U.S. v. Hahn (C.A. 5, 1988), 849 F.2d 932; U.S. v. Sawyer (C.A. 5, 1988), 849 F.2d 938; U.S. v. Villareal (C.A. 5, 1978),565 F.2d 932, certiorari denied 439 U.S. 824; U.S. v. Sifuentes (C.A. 4, 1974), 504 F.2d 845. Sergeant Greene testified, at the suppression hearing, as to his training and experience in the detection of marihuana.
 A. * * * I attended the Arizona law enforcement training academy, that, that would be basically where my initial trainings have started, at the Arizona Academy. Uh, once I was in the detective division, I spent one year in a narcotics task force, um, in northern Arizona, a narcotics task in Flagstaff. Uh, I was in charge of, uh, the marihuana eradication program for the sheriff's department for northern Arizona. Uh, I did training on the identification and, and seizure of marihuana with our officers and other officers around northern Arizona at the time. Uh, I was an instructor on that. I've had, uh, academy training from Arizona and then again, I've had probably, uh, and I could present the documents, uh, probably a dozen different drug identication courses I've taken over the years in Arizona and Ohio, uh, including, uh, uh, there, there are numerous schools that I've been to regarding identification and including the odor of burnt marihuana. * * * I was, uh, given training in the odor of burnt marihuana through the Highway Patrol Academy and then, uh, attending the Drug Interdiction schools through the Highway Patrol. I became a part of the Drug Interdiction Team in 1992, June of `92, until I was promoted in May of `94. I was on the Drug Interdiction Team, uh, which included again extensive training in marihuana and drugs, drug related training. * * * Even as tall as I am, I still was able to grow a beard and grow my hair a little bit and buy dope, uh, with informant and at that time I had a lot of experience being around the odor of burnt marihuana with, uh, suspects we were buying from, um, that we'd have it lit many times and require or want us to smoke it as part of the sale, which we did not do.
* * *
 Q. How many times would you say you've experienced the odor of marihuana burning?
 A. Hundreds. I couldn't even guess. You know, well over a hundred. Tr. Suppression Hrng. at 13-15.
Based on his training and experience, Sergeant Greene decided to search the passenger compartment of appellee's vehicle. We find the strong odor of burnt marihuana that Sergeant Greene smelled, prior to his search of appellee's vehicle, would lead a reasonable person to believe there was evidence of a crime in the place to be searched. Indeed, Sergeant Greene discovered marihuana, in the passenger compartment of appellee's vehicle, where he smelled marihuana emanating from as he approached appellee's vehicle. Courts of this state judicially recognize and routinely permit law enforcement officials to rely on their senses in establishing probable cause for a warrantless search, i.e. plain view doctrine, plain feel doctrine. We find no reason why a trained and experienced officer, in the detection of marihuana, should be prohibited from relying on his or her sense of smell as it pertains to the establishment of probable cause for a warrantless search of a motor vehicle. Accordingly, we conclude the trial court improperly granted appellee's motion to suppress. Appellant's First, Second, Third, Fourth and Fifth Assignments of Error are sustained. For the foregoing reasons, the judgment of the Lancaster Municipal Court, Fairfield County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.
By: Wise, P.J. Farmer, J., and Edwards, J., concur.