NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

NOEL VELASCO FELIX, *Petitioner*.

No. 1 CA-CR 12-0408 PRPC
FILED 3-25-2014

Petition for Review from the Superior Court in Maricopa County
No. CR2006-008681-028
The Honorable Roger E. Brodman, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Noel Velasco Felix, Douglas
*Petitioner Pro Se*

**MEMORANDUM DECISION**

Presiding Judge Patricia A. Orozco delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge Kenton D. Jones joined.

**O R O Z C O**, Judge:

**¶1**　　　　Noel Velasco Felix (Felix) petitions this court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated below, we grant review but deny relief.

**¶2**　　　　A trial court convicted Felix of conspiracy, illegally conducting an enterprise, use of wire communication in a drug related transaction, misconduct involving weapons, two counts of possession of drug paraphernalia, two counts of possession of methamphetamine for sale, four counts of money laundering and five counts of transportation for sale, sale or transfer of methamphetamine. The court sentenced Felix to an aggregate term of twenty years' imprisonment, and we affirmed his convictions and sentences on direct appeal in *State v. Velasco-Felix*, 1 CA-CR 08-0208 (Ariz. App. Aug. 5, 2010). Felix subsequently filed a pro se petition for post-conviction relief after his counsel found no colorable claims. The trial court summarily dismissed the petition and Felix now seeks review.

**¶3**　　　　Felix properly presents two issues for review. Felix argues his trial, appellate, and post-conviction relief counsel were all ineffective when they failed to raise any issue regarding the State's warrantless use of Global-Positioning-System ("GPS") devices to track vehicles operated by Felix's accomplices. He further argues that the United States Supreme Court's decision in *State v. Jones* constitutes a significant change in the law that not only entitles him to relief in and of itself, but further supports his claims of ineffective assistance. In *Jones*, the Supreme Court held the government installation of a GPS device on a vehicle for the purpose of monitoring the vehicle's movements constitutes a "search" that ordinarily requires a warrant. *See United States v. Jones*, 132 S. Ct. 945, 949-50 (2012).

**¶4**　　　　To state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show prejudice, a defendant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

**¶5**　　　　We deny relief. First, Felix failed to present a colorable claim that counsels' representation fell below an objectively reasonable standard, or that any action or inaction on the part of counsel prejudiced

him. Felix committed the offenses in 2005 and 2006. His trial took place in 2008, and we affirmed his convictions in 2010. His post-conviction relief counsel reviewed his case in 2011. The Supreme Court decided *Jones* in 2012. Felix cites no authority prior to the *Jones* decision that would have required the trial court to suppress evidence obtained through the warrantless use of GPS tracking. Therefore, counsel had no basis to raise any issue regarding the use of GPS devices. Counsels' failure to predict that the Supreme Court would subsequently hold that GPS tracking could only be obtained through a warrant did not fall below objectively reasonable standards.

**¶6** Second, even if *Jones* applied to this case, Felix would not be entitled to any relief. Felix concedes that the State used GPS devices in this case only to track the vehicles of his accomplices. Felix does not allege the State used GPS devices to track any vehicle he owned, operated or had a right of access to, nor any vehicle in which he otherwise had any reasonable expectation of privacy. A defendant who has no ownership interest in a vehicle, no right of access to the vehicle, is not an operator of the vehicle and was not present when the vehicle was searched has no reasonable expectation of privacy in the vehicle and cannot challenge a search of that vehicle. *See, e.g., State v. Olson*, 134 Ariz. 114, 117, 654 P.2d 48, 51 (App. 1982).

**¶7** While the petition for review presents additional issues, Felix did not raise those issues in the petition for post-conviction relief he filed below. A petition for review may not present issues not first presented to the trial court. *See State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991); *see also* Ariz. R. Crim. P. 32.9(c)(1)(ii).

**¶8** For the above reasons, we grant review and deny relief.



Ruth A. Willingham · Clerk of the Court
F I L E D : MJT

3